[No. 5,911.]

# PAGE v. WILLIAMS.

PLEADINGS — AMENDMENTS — PRACTICE — DISCRETION. — In an action upon a promissory note—the case having been at issue for nearly two years upon the. plea of payment—the defendant (upon affidavits) moved for leave to file an amended answer, alleging want of consideration. *Held*, that the lower Court properly exercised its discretion in refusing to allow this amendment.

COMPOUND INTEREST— CONSTRUCTION.—A provision in certain promissory notes that the principal shall be paid "with interest at two per cent. per month; interest payable monthly, and if not paid, to become part of the principal," construed to mean that the notes should bear interest at the rate of two per cent. a month, compounded monthly.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Third District Court, City and County of San Francisco. McKEE, J.

The facts are stated in the opinion.

*Joseph M. Nougues*, for Appellant.

The District Court held that the note bore compound interest. This construction of the language of the notes cannot be maintained. (Hitt. Gen. Laws, art. 3858; Civ. Code, §§ 1915-1920; *Montgomery* v. *Taft*, 11 Cal. 316; *State of Conn.* v. *Jackson*, 1 Johns. Ch. 13; *Lewis* v. *Bacon*, 3 H. & M. 87; *Childers* v. *Deane*, 4 Rand. 408; *Dunbar* v. *Woodcock*, 10 Leigh, 629; *Cunningham* v. *Cunningham*, 4 Gratt. 43; *Morris* v. *Morris*, Id. 293; *Van Benschooten* v. *Lawson*, 6 Johns. Ch. 313; *Mowry* v. *Bishop*, 5 Paige, 98; *Doe* v. *Warren*, 7 Greenleaf, 48; *Von Hemert* v. *Porter*, 11 Met. 210.

The Court erred in refusing the defendant the right to amend his answer. (*McMillan* v. *Dana*, 18 Cal. 339; *Roland* v. *Kreyenhagen*, 1 Id. 445; *Pierson* v. *Cahill*, 22 Id. 127; *Peters*

v. *Foss*, 16 Id. 357 ; *Lestrade* v. *Barth*, 17 Id. 287 ; *Stringer* v. *Davis*, 30 Id. 321 ; *Kirstein* v. *Madden*, 38 Id. 163 ; *Hayden* v. *Hayden*, 40 Id. 333.)

*G. F. & W. H. Sharp*, for Respondent.

Department No. 2, MYRICK, J.:

This is an action upon two promissory notes, one for $5,000 currency, and the other for $14,000 gold. Each note contained the following clause: "With interest at 2 per cent. per month; interest payable monthly, and if not paid to become part of the principal." The complaint was filed May 8th, 1873. The answer was filed August 11th, 1873, and the defense was payment. The case came on for trial before a jury July 22nd, 1875. After the plaintiff had rested her case, and the defendant had given some evidence, the defendant offered to show that the notes in question were without consideration; and upon the Court refusing to hear such proof under the pleadings, defendant asked leave to file an amended answer, alleging want of consideration. The Court refused to permit the defendant to amend, on the ground that the case had been at issue nearly two years, and the trial had already commenced, and new issues would be tendered by the amendment. In our opinion, the Court properly exercised its discretion in refusing to allow this amendment. During the trial, it appeared that the parties had had many transactions, and plaintiff had held several notes of defendant—among others three held by her in August, 1872—besides those in suit ; and as security, defendant had transferred to her three notes of $5,000 each, made by the Bay View Homestead Association. The amount of the notes of the association had been collected by plaintiff, and on the trial it became a question whether the amount so collected should be applied on the notes in suit, or on other notes of defendant formerly held by plaintiff, but which had been surrendered by plaintiff to defendant as paid before this action was commenced ; and defendant offered to prove that the notes in suit were given without consideration, in this, that the amount received from the association, and other payments made by defendant to plaintiff, would

equal all indebtedness of defendant to plaintiff. The Court declined, under the pleadings, to let the evidence go to the jury to show want of consideration, holding that payment of the notes in suit was the only.issue tendered by the answer; but the Court admitted all evidence offered upon the plea of payment. There was evidence on the part of plaintiff tending to prove that by agreement between the parties the $15,000 received on the notes of the association was applied to the payment of the three other notes, and those notes. surrendered to defendant, leaving the notes in suit to be in force, which evidence was denied by defendant. The evidence was submitted to the jury, under the instruction that if defendant directed the application of the $15,000 to be made upon the notes in suit, he had the right so to do, and credit should be made accordingly; on the contrary, if they found the fact to be that defendant gave no such direction, but by agreement between them the money was applied to the payment of other notes surrendered by her to defendant, they had no right to credit the money on the notes in suit.

The Court below instructed the jury that the notes in suit were to bear interest at the rate of two per cent. per month, compounded monthly; that is, at the end of each month, interest at the rate of two per cent. per month was to be added to the principal, and the sum thus made was a new principal to bear interest at the same rate, and so on, adding the interest each month to the principal. The defendant contended, that because the notes do not contain a provision, in terms, that the interest was to compound monthly, the principal only was to bear interest at two per cent. per month, and all accumulations of interest, not being part of the principal, bore no rate of interest by agreement in writing, but being due each month, bore the statutory rate of interest only.

From an examination of the transcript, it appears to us that the main controversy between the parties has arisen with reference to computation of interest, as well upon the notes in suit as upon the other notes formerly held by plaintiff. The evidence on the part of plaintiff tended to prove that the total amounts received by plaintiff of defendant (including the $15,-

000) equaled the amounts of the prior notes, according to her method of computing interest, and paid the interest on the notes in suit to September 1st, 1872; and that on that day the parties had a settlement, and the prior notes were surrendered and the interest credited on the notes in suit. The verdict of the jury was upon this basis, notwithstanding the conflicting evidence of defendant.

We are of the opinion that the instruction given by the Court below was correct, and that the interest was to be compounded monthly. We see no error in the record.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.