[No. 7,031.—Department One.]
March 28, 1882.

## D. HARNEY v. WILLIAM CORCORAN ET AL.

AMENDMENT OF ANSWER—DISCRETION OF COURT—STREET ASSESSMENT—PRACTICE.—In an action against the appellants and other defendants to foreclose a street assessment lien upon a lot in San Francisco alleged to be the property of defendants, the appellants—having in their original answer admitted ownership of the premises in dispute—moved for leave to file an amendment, in which by way of separate defense they denied ownership; and the motion was denied.

Held: The refusal to allow the filing of the amendment, under the circumstances in which the application was made, was not an abuse of discretion with which this Court will interfere.

ID.—ID.—ID.—ID.—AMENDMENT OF COMPLAINT—SERVICE OF AMENDMENT. Upon the case being called for trial the plaintiff dismissed the action as to certain of the defendants not served, and by leave of Court amended the complaint by erasing their names from the title; and thereupon the appellants moved for leave to answer the complaint as amended by re-filing the amendment previously offered—which motion was denied.

Held: The amendment of the complaint was not such an amendment as the law or rules of the Court required to be served upon the defendants, or which entitled them to answer.

APPEAL from a·judgment for the plaintiffs and from an order denying a motion for a new trial in the Twenty-third District Court of the City and County of San Francisco. THORNTON, J.

*Wm. Leviston,* for Appellants.

1. The defendants had the right to amend their answer once, as a matter of course. (C. C. P. § 472.)

2. The affidavit and amended answer showed sufficient cause for allowing the amendment even though it was not a matter of course. (*Kirsten* v. *Madden,* 38 Cal. 158.)

This is an action *in rem* and all the owners must be made parties, and the allegation of ownership is material. (*Harney* v. *Appelgate,* Feb. 9, 1881; *People* v. *Doe,* 48 Cal. 560; *Hancock* v. *Bowman,* 49 id. 413; *Clark* v. *Porter,* 53 id. 409; *Diggins* v. *Reay,* 54 id. 525; § 13 of the Street Assessment Act; § 382 C. C. P.) The appellants were entitled, as requested, to answer the complaint as amended. (C. C. P. §§ 432, 472.). The decision of this Court in the case of *Harney* v. *Appelgate,* 57 Cal. 205, is decisive of this case. ·

*J. M. Wood,* for Respondent.

In these street assessment cases it is well settled that no personal judgment can be rendered, and if the proposed amended answer of the defendants Porter and McLeran were true, and they are neither of them owners of the land involved here, they have no occasion to be aggrieved by the judgment entered, since it does not concern them in the least. Nor was it any of their concern whether or not the plaintiff had succeeded in bringing in all the proper parties defendants. Nor could their rights be affected by a dismissal granted as to some of the original defendants, even though it might be true that such defendants so dismissed were also owners of the premises.

The amendment to the caption of the complaint made at the trial, by striking out therefrom the names of the defendants, as to whom the cause was by leave of Court dismissed, did not entitle defendants to a continuance, nor to further service of a copy of the complaint as so amended. (*Brock* v. *Martinovich,* 55 Cal. 516.)

McKEE, J.:

The action in this case was commenced against a number of defendants to foreclose a street assessment lien on a lot of land in the City and County of San Francisco. Some of the defendants appeared and answered; others were not served with process. Among those answering were the appellants. By their answers, they admitted ownership of the premises in dispute. Subsequently, however, they filed another answer in which they denied ownership. But as that answer was filed without leave of the Court or consent of counsel, it was, on motion of the plaintiff's attorney, stricken from the files. The defendants then moved to be allowed to re-file the answer as an amendment to their answer on file, and this motion was denied by the Court, except as to so-much of it as set up the defense of payment. To this ruling the appellants excepted, and now assign it as error.

The proposed answer was not an amendment to the answer on file. It raised an issue antagonistic to the issue made by the complaint and the defendants' original answer.

Whether a party shall be permitted to file an additional answer which changes the issue already made in the case, is a matter for the sound discretion of the trial Court. The refusal to allow the filing of such an answer under the circumstances in which the application was made, is not an abuse of discretion with which this Court will interfere.

In *Stuart* v. *Lander*, 16 Cal. 372, we held that it was not error for a Court to refuse permission to set up the statute of limitations after answering to the merits. In *Page* v. *Williams*, 54 Cal. 562, it was held that the Court below properly exercised its discretion in refusing to allow a defendant to set up, by way of amendment, want of consideration of the promissory note in suit, after the case had been at issue upon the plea of payment. And in *Spanagel* v. *Reay*, 47 Cal. 608, it was held, that where a defendant admits in his answer a material allegation of the complaint, he should not be allowed to amend his answer by changing the admission into a denial, after the case has been tried on the issues as framed and a new trial granted.

Upon the case being called for trial upon the issues made

by the pleadings, appellants objected to proceeding with the trial of the case, until certain persons named in the complaint as parties defendants were served with process.   In response to the objection, the plaintiff dismissed the action as to those persons, and by leave of the Court, amended the complaint by erasing their names from the title of the action contained in the complaint.   To this the appellants' attorney excepted, and, at the same time, moved, upon his affidavit, for permission to answer the complaint as amended, by refiling the answer which had been stricken from the files.   The motion was denied and the appellants excepted.

Plaintiff had the right to dismiss the action against any parties who had not been served with process.   There was no abuse of discretion in permitting it to be done, nor in allowing the names of such parties to be stricken from the title of the action, nor in refusing to allow the appellants to answer the complaint, as it was with those names erased.   The body of the complaint was not changed in any respect.   There was, therefore, nothing which required a new answer.   The parties were ready for trial upon the issues which had been framed. Striking from the title of the action the names of one or more defendants did not change in any way those issues nor render necessary any additional answer.   The amendment of the complaint was not such an amendment as the law or rules of the Court required to be served upon the defendants, or which entitled them to answer. (*Brock* v. *Martinovich*, 55 Cal. 516.)

Judgment and order affirmed.

Ross, J., concurred in the judgment.

McKINSTRY, J., concurring:

I concur.   If, after the amendment of the complaint, the defendants appealing had asked leave to file an amended answer setting forth that the persons originally named as defendants, and whose names had been stricken from the complaint, were owners in part, or had some estate or interest in the lands, it might have been error to deny the application. But the amended or supplemental answer which the defendants asked leave to file contained no such averment.

Nor was there error in denying the application to file the amended answer when the application was first made. The amended answer was tendered as a whole, and certain of the averments contained in it are so manifestly improper that the Court was fully justified in refusing to consider them as creating an issue. The answer was verified by defendant Porter, one of the appellants. Yet the amended answer contained the statement following: "The defendant Porter claims to be the owner of some interest in said premises, but these defendants have no information or belief on the subject sufficient to enable them to answer the allegation of the complaint that the defendant Porter is one of the owners of said premises, and on that ground solely, they deny that said Porter was at the date of the assessment alleged in said complaint, or at any time since has been, or is, the owner of said premises, or any part thereof."

The word "owner" as employed in the law under which these proceedings were brought, has a distinct meaning, and whether he was or was not the owner was a matter peculiarly within the knowledge of defendant Porter. Under these circumstances it has been repeatedly held that a denial in the form adopted in the portion of the amended answer is insufficient. It could be properly treated as uncertain and evasive, and it was, to say the least, discretionary in the Court below to refuse to permit the filing of an answer containing such uncertain and evasive allegations.