[No. 12873. In Bank. — December 2, 1890.]·

## JONATHAN G. KITTLE, EXECUTOR, ETC., RESPONDENT, *v.* J. B. BELLEGARDE ET AL., APPELLANTS.

PARTIES — DEATH OF PLAINTIFF — SUBSTITUTION OF EXECUTOR — NOTICE TO DEFENDANTS IN DEFAULT — AMENDMENT OF COMPLAINT — JUDGMENT. — Upon the death of a plaintiff, his executor may be substituted as plaintiff upon *ex parte* suggestion and proof of the death, and no notice thereof to defendants in default is necessary. Such substitution does not require an amendment of the complaint, though all subsequent proceedings should be in the name of the substituted party; and a judgment in favor of the substituted executor is supported by the order of substitution, without any amendment of the complaint, or any service of the amendment upon any of the defendants.

ID. — ORDER OF SUBSTITUTION — JUDGMENT ROLL — AMENDMENT OF PLEADINGS. — An order substituting a party is a part of the judgment roll, and is different from an order allowing a party to amend any pleading by adding or striking out the name of the party, in the respect that the substitution is made by the court, and necessitates no change of defense, whereas the amendment in respect to parties is only allowed at the instance of the party whose pleading is to be amended, and may require or admit of a different defense.

ID. — JUDGMENT BY DEFAULT — PRESUMPTION UPON APPEAL. — Upon appeal from a judgment by default in favor of an executor, where neither the date of an *ex parte* order substituting the executor as plaintiff nor the date of the qualification of the executor is made to appear by the record, it is enough, to support the judgment upon appeal, that the order of substitution was prior to the judgment; and it must be presumed, in the absence of any showing to the contrary, that the order was made at a date which would justify the entry of default and the judgment by default, and that the defendants were actually in default before the rendition of the judgment.

ID. — VACATING DEFAULT JUDGMENT — LACHES — MOTION WITHOUT MERIT. — A motion to set aside the judgment by default is entirely destitute of merit, where the motion is delayed nearly twenty months after the entry of the default, and nearly twelve months after the entry of judgment, and there is no affidavit of merits or intimation of desire to defend the action, and no pretense that the defendants were without actual knowledge of the default and judgment at the time of the entry of each, but only that no notice or paper was served on the defendants after the substitution of the executor of the deceased plaintiff.

QUIETING TITLE — VOID ADVERSE CLAIM — PLEADING — JUDGMENT BY DEFAULT. — An action to determine an adverse claim may be maintained, under section 738 of the Code of Civil Procedure, although the adverse claim rests on proceedings which are void on their face.

ID. — CANCELLATION OF PAPERS. — A judgment in such action that the defendants have no right, title, or interest in or lien upon the land in

question is equivalent to a judgment canceling all papers and proceedings upon which the adverse claim is founded, and has the same effect; and defendants who make default, and admit that the adverse claim is void upon its face, cannot be injured by an express cancellation in the judgment of assessments and certificates of sale upon which their adverse claim is alleged to be founded.

ID. — INJUNCTION IN JUDGMENT — EXECUTION OF DEEDS. — An injunction in a judgment in such action, against executing deeds in pursuance of the certificates of sale upon which the adverse claim is founded, is proper in so far as it is ancillary to the principal relief and necessary to make that relief effectual; and if it is unnecessary to enjoin the execution of void deeds, the injunction is superfluous, and cannot injure the defendants.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing to vacate a judgment by default.

The facts are stated in the opinion.

*R. Percy Wright,* and *H. E. Highton,* for Appellants.

*Taylor & Haight,* for Respondent.

WORKS, J.— When this action was before the Department, the following opinion was prepared by Commissioner Vanclief: —

" This is an appeal from an order denying a motion to set aside a judgment by default, and also from the judgment.

" The action was commenced by plaintiff's testator September 29, 1886, against J. B. Bellegarde, and against William Patterson, as superintendent of public streets, etc., of the city and county of San Francisco. The complaint is in the usual form of complaints to quiet title to land under section 738 of the Code of Civil Procedure, and seeks to have determined the adverse claim of defendants to two lots of land situate in said city, of which plaintiff's testator is alleged to be the owner. The complaint avers the nature of the adverse claim to be that of an alleged lien upon the lots acquired by and through proceedings of the board of supervisors and the superin-

tendent of streets under the act entitled 'An act to provide for the improvement of streets, lanes,' etc., 'within municipalities,' approved March 6, 1883 (page 32); that, to satisfy this lien, the superintendent of streets had sold the lots to defendant Bellegarde, and had given him a certificate of sale, and threatens to execute to him a deed in pursuance thereof, and will execute such deed if plaintiff fail to redeem from the sale within twelve months from the date thereof, unless enjoined from so doing; and that the defendants, and each of them, claim that Bellegarde will be entitled to such deed if no redemption is made, and also claim that such deed will convey to Bellegarde the title to said lots.

"The complaint further avers facts which, if true, show that the assessment upon the lots, to satisfy which the lien is claimed, is utterly void, and, consequently, that no such lien as claimed exists.

"The prayer of the complaint, in substance, is, that the defendants be required to set out such claim or lien as they have upon the lots; that such claim and lien be deemed to be of no force or effect; that said assessment be annulled and set aside; that said certificate be canceled; and that defendant Patterson, as superintendent, etc., and his successors in office, be enjoined from executing any deed purporting to convey the lots to Bellegarde, or any other person.

"After having been duly served with summons, the defendants procured an order from the judge extending their time to answer until November 18, 1886.

"The plaintiff's testator, N. G. Kittle, in whose name, as plaintiff, this action was commenced, died November 15, 1886.

"On December 8, 1886, the clerk of the court entered the default of the defendants; and, nearly eight months thereafter, on July 29, 1887, the court rendered judgment in favor of plaintiff as prayed for, but without costs, which judgment was preceded by the following recitals:—

"'Jonathan G. Kittle (as executor of the last will and testament of N. G. Kittle, deceased), plaintiff,

v.

"'J. B. Bellegarde et al., defendants.

No. 18593.

#### "'JUDGMENT.

"'In the above-entitled action, it appearing to the satisfaction of the court that each of the defendants in said action was duly served with the summons and complaint therein; that neither of said defendants, within the time required by law, appeared in said action or demurred to the complaint or answered the same, and that the clerk of the court has duly entered the default of each of said defendants for not so appearing or demurring or answering;

"'And it further appearing that plaintiff is entitled to the relief prayed for in his complaint;

"'And it appearing that N. G. Kittle, the original plaintiff in said action, died after the commencement of said action, being at said time a resident of said city and county of San Francisco, and leaving a document purporting to be a last will and testament, wherein Jonathan G. Kittle was named as the executor thereof; that said document was, in the probate department of this court, duly admitted to probate as the last will and testament of N. G. Kittle, and that letters testamentary were issued accordingly to said Jonathan G. Kittle; that the court thereafter, in this action, on motion duly made in open court, ordered that said Jonathan G. Kittle, as such executor, as aforesaid, be substituted as the plaintiff in said action in the place and stead of said N. G. Kittle, and that said action be continued in the name of said executor as such plaintiff.'

"Nearly one year after the entry of the judgment, to wit, on July 27, 1888, the defendants moved the court to set aside the default and judgment, on the ground that they were irregularly entered, because the defendants

were not in default at the time said default was entered, nor at the time the judgment was rendered, and because the court had no jurisdiction to render a judgment in favor of the executor of the deceased original plaintiff, N. G. Kittle.

"The motion was heard upon the judgment roll and the affidavit of the attorney of the defendants, of which affidavit the following is a copy:—

"'Percy Wright, being duly sworn, deposes and says:—

"'1. That he is an attorney and counselor at law admitted to practice in all the courts of this state, and resides at No. 310 Pine Street, in said city and county.

"'2. That he has examined the papers on file in the above-entitled action, originally entitled N. G. Kittle *v.* J. B. Bellegarde et al.; also the papers on file in the office of the clerk of said superior court in the action therein entitled "No. 18588. B. M. Hartshorne *v.* J. McMullen et al."; and also the papers on file in the office of the clerk of said superior court in the proceedings entitled "No. 5732. In the Matter of the Estate of N. G. Kittle, deceased."

"'3. That said N. G. Kittle, the original plaintiff in this action, died on the fifteenth day of November, 1886.

"'4. That, at the time of the death of said plaintiff, N. G. Kittle, the time allowed for the defendants in this action, J. B. Bellegarde, and William Patterson, superintendent of public streets, highways, and squares in and for the city and county of San Francisco, to answer the complaint therein had not expired, said time having been extended by an order of a judge of said superior court up to and including the eighteenth day of November, 1886, which said order was duly filed and served previous to said fifteenth day of November, 1886.

"'5. That, since the death of said plaintiff, N. G. Kittle, the complaint filed in this action has never been amended, nor has any amended complaint ever been filed therein.

" ' 6. That the only complaint filed in this action is still entitled "In the superior court of the city and county of San Francisco, state of California.   N. G. Kittle, plaintiff, *v.* J. B. Bellegarde, and William Patterson, as superintendent of public streets, highways, and squares in and for the city and county of San Francisco, defendants."

" ' 7. That, since the death of said plaintiff, N. G. Kittle, no notice or paper whatever in this action has ever been served on either of said defendants; nor has there ever been served on either of said defendants notice of the entry of judgment in this action in favor of Jonathan G. Kittle, executor of the last will and testament of N. G. Kittle, deceased; nor has there ever been any appearance by or on behalf of either of said defendants in this action.'

" There was no affidavit or showing of merits, and no motion or request for leave to answer.

" 1.   On the appeal from the judgment, it is contended that the judgment is not warranted by the complaint, as it is not in favor of a person mentioned in the complaint. But it is in favor of a person substituted, by an order of the court, for the person named as plaintiff in the complaint, on suggestion and proof of the death of the latter, and qualification of the former as successor in interest; and such suggestion and proof may have been made *ex parte* ( *Taylor* v. *Western Pacific R. R. Co.*, 45 Cal. 336); and no notice thereof to the defendants in default was necessary.   (*Farrell* v. *Jones*, 63 Cal 194.)

" In *Gregory* v. *Haynes*, 13 Cal. 592, a judgment quieting title in favor of one Wenborne was attacked collaterally.   Wenborne, the plaintiff, had died before the trial and verdict.   The complaint, however, was not changed, and the judgment was entitled and rendered in favor of the original plaintiff by name, but contained this recital: 'This action having been continued, in consequence of the death of the plaintiff, by his executor,

Samuel Webb, and the jury having found a verdict for the plaintiff, it is now ordered,' etc. The court, by Mr. Justice Baldwin, said: 'We think this recital clearly shows, whether with formality or not, the suggestion of the death of the original plaintiff, and a continuance of the case, or a revival of it, in the name of the executor. If there was any irregularity in all this, it cannot be corrected in this collateral way.' This judgment was again brought in question between the same parties in 21 Cal. 443, where the court, by Mr. Justice Norton, said of it: ' The continuing of the name of Wenborne, instead of inserting that of Webb, executor, as plaintiff, in the title of the judgment or order in which this recital is contained, and also in the more formal judgment, was an error of form, not rendering the judgment void.' The irregularities here admitted were, that the judgment was entitled and rendered in favor of the deceased plaintiff by name, and that the recital did not expressly show that any order of substitution of the executor had been made by the court before trial and judgment.

" In the case at bar, however, no such irregularity appears. The recital in the judgment expressly shows that the death of the plaintiff and the appointment and qualification of the executor had been proved, and the order of substitution made, before the rendition of the judgment, although the date of the order of substitution is not made to appear, and the judgment is entitled and rendered in favor of the executor by name as the substituted plaintiff. In all this there appears to have been no irregularity if the defendants were in default before and at the time the judgment was rendered; and that they were so in default is expressly admitted, unless the time allowed them by the court in which to answer was extended by the death of the original plaintiff until after service of notice upon them of the substitution of the executor. But we have seen that no such notice was required, and therefore the failure to serve it

could not have had the effect to prolong the time to an-
swer.    The substitution of one party for another by
order of court is not such an amendment of a pleading
as is required to be made on notice, or to be engrossed
otherwise than to be entered in the minutes of the court.
So held in case of the substitution of the real name of a
defendant for a fictitious name (*Brock* v. *Martinovich,*
55 Cal. 516), although all proceedings after the order of
substitution should be in the name of the substituted
party.    The court's minutes of an order of substitution
of parties is a part of the judgment roll, which will al-
ways show and account for a change of parties by order
of court more intelligibly than would a mere change of
names in the pleadings.    An order of court substituting
a party is different from an order of court allowing 'a
*party* to amend any pleading . . . . by adding or strik-
ing out the name of any party ' by authority of section
473 of the Code of Civil Procedure.    The substitution is
made by the court, whereas the amendment is allowed
to be made by the party.    A substitution may be made,
on suggestion and proof of the requisite facts, at the in-
stance of *either party,* and might have been made on the
suggestion and at the instance of the defendants in this
case; whereas an amendment by adding or striking out
the name of a party is only allowed at the instance of the
party whose pleading is to be so amended.    Again, the
substitution of a party plaintiff necessitates no change
in the defense; whereas the addition or striking out of a
party by amendment may require or admit of a differ-
ent defense.

"Conceding, without deciding, that, as contended by
counsel, the death of the original plaintiff extended the
time allowed the defendants to answer till after the sub-
stitution of the executor, still, the presumption must be
that the substitution was made at a date early enough
to justify the judgment, since the date of neither the
order of substitution nor of the qualification of the ex-

ecutor is made to appear by the record. In the absence
of a showing of the true date of the order of substitu-
tion, it is enough that the record expressly shows it to
have been prior to the judgment. It devolved upon the
appellants to show that it was not long enough prior to
the entry of the judgment, if the fact was so. This they
have failed to do. The same presumption should be
indulged in favor of the ministerial act of the clerk in
entering the default, if necessary to sustain the judg-
ment; but, admitting that the default was entered by
the clerk too soon, still, the entry of the judgment was a
sufficient entry of the default (*Montgomery* v. *Tutt*, 11
Cal. 316; *Miller* v. *Miller*, 33 Cal. 355); and from that
alone, in the absence of a showing to the contrary, it
must be presumed that the defendants were actually in
default before the rendition of the judgment.

"2. It is contended that the complaint does not war-
rant any relief, because it shows that the adverse claim
of the defendants rests upon proceedings which are void
upon their face. But this objection is not available in an
action to determine an adverse claim, under section 738
of the Code of Civil Procedure. Such an action may be
maintained against a person who claims under a void
tax deed. (*Harper* v. *Rowe*, 53 Cal. 234; *Hearst* v. *Eggle-
stone*, 55 Cal. 365; *Pearson* v. *Creed*, 78 Cal. 144; *Green-
wood* v. *Adams*, 80 Cal. 74.) A judgment in such an
action that the defendants have no right, title, or inter-
est in or lien upon the land in question is equivalent
to a judgment canceling all papers and proceedings
upon which the adverse claim is founded, and has the
same effect; and therefore the defendants, having no
right, title, or interest in or lien upon the lots in ques-
tion are not injured by this part of the judgment, which
purports to cancel the assessments and certificates of sale
upon which their adverse claim is alleged to be founded,
and which the objection itself admits to be void upon

their face. (*People* v. *Center*, 66 Cal. 551; *Head* v. *Fordyce*, 17 Cal. 149; Pomeroy's Eq. Jur., sec. 1399.)

"3. It is also objected that the injunction against executing deeds in pursuance of the certificates of sale is inappropriate and unwarranted.

"The injunction was merely ancillary to the principal relief, and was proper, if necessary to make that relief effectual. (*Axtell* v. *Gerlach*, 67 Cal. 484; *Brooks* v. *Calderwood*, 34 Cal. 563.) If unnecessary to make the relief effectual, the injunction was superfluous, and did not injure the defendants, as they were simply enjoined from executing void deeds.

"4. Assuming that the defendants were in default when the judgment was rendered, the motion to set aside the default and judgment was entirely destitute of merit. It is not pretended that defendants did not have actual knowledge of the entry of the default by the clerk, and of the judgment by the court, at the times they were respectively entered, but only that 'no notice or paper whatever in this action has ever been *served* on either of said defendants'; yet the motion was delayed nearly twenty months after the entry of the default, and nearly twelve months after the entry of the judgment. There is no affidavit of a meritorous defense, or of any supposed defense, and no intimation that the defendants desired to make any defense to the action, in any event."

We have re-examined the case in Bank, and are satisfied with the above opinion, and, for the reasons therein stated, the judgment and order appealed from are affirmed.

McFARLAND, J., FOX, J., SHARPSTEIN, J., PATERSON, J., and THORNTON, J., concurred.

Rehearing denied.