[Civ. No. 1384.   First Appellate District.—January 7, 1915.]

J. W. HANSBROUGH and A. B. JOHNSTON, Co-partners Doing Business Under the Firm Name and Style of Hansbrough and Johnston, Appellants, v. A. L. MANN et al., Respondents.

BUILDING CONTRACT—ACTION FOR VALUE OF LABOR AND MATERIAL—GENERAL DENIAL—COUNTERCLAIM—PROOF.—In an action *in assumpsit* to recover a balance due as the reasonable value of labor performed, materials furnished, and money advanced in the construction of a certain building, where the defendant interposed a general denial and also a counterclaim in which they set up a claim for damages for breach of the contract, the so called counterclaim amounted to nothing more than a general denial and the subject of the counterclaim could have been proved under the general denial.

ID.—EVIDENCE—VALUE OF LOT AND IMPROVEMENTS—ADMISSIBILITY OF.—In such a case evidence of the value of the lot and improvements, while not the best evidence, was admissible for the purpose of showing that the building should have brought in a greater revenue and would have done so but for the defective workmanship and the difficulty of securing tenants in a badly constructed and leaky building.

ID.—ALLEGED MISCONDUCT OF ATTORNEY—INTERVENING JUROR—DEMAND FOR INVESTIGATION—ARGUMENT TO JURY.—In such a case, counsel for defendants was acting within his rights in demanding an investigation, during the course of the trial, of the result of an interview had by plaintiffs' counsel with one of the jurors; and alleged misconduct on his part in commenting upon this fact to the jury and in offering to let plaintiffs have the property for forty per cent of defendants' equity was cured, where the court at the time instructed the jury to exclude from its consideration everything except that which bore directly upon the issues of the case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

Louis H. Brownstone, for Appellants.

R. L. Mann, and Curtis Hillyer, for Respondents.

LENNON, P. J.—This action was brought by plaintiffs *in assumpsit* to recover from the defendants a balance due as the reasonable value of labor performed and materials furnished and for the amount of moneys advanced for the benefit of the defendants in the construction of a certain building.

From the evidence it appears that the defendants were the owners of a lot in San Francisco, and had engaged one Andrew McElroy to construct a building upon the same upon a percentage basis, the cost of which was to be limited to the sum of ten thousand dollars. After the plans had been prepared McElroy died, and the defendants then employed plaintiffs to do the work. It is the claim of plaintiffs that the contract contained no limitation as to cost, and that their compensation was to be the cost of the labor and materials, plus a commission of six per cent for their services. The defendants on the other hand allege that the plaintiffs were engaged to do the work upon the same basis as McElroy and to carry out McElroy's contract, the terms of which, they were informed, were the reasonable value not exceeding ten thousand dollars, including commissions and all extras, plaintiffs having discretion in substituting cheaper materials than those called for by the plans and specifications, but they were to do a good job.

It appears in evidence that the departure from the plans and specifications was provided for on account of the limited funds possessed by the defendants, they being unable to procure any sum in excess of the ten thousand dollars mentioned, and that a strict adherence to the plans and specifications would bring the amount of the contract beyond the means of the defendants. There was no written agreement between the parties, but the plaintiffs went on and erected the building, the cost of which they alleged amounted to the sum of

$13,907.73, plus their commissions of $834.81, which brought the total amount up to the sum of $14,742.54. The defendants paid the sum of $9,520, on account, which they claim to be the reasonable value of the work; and having refused to pay any further sum plaintiffs sued for the alleged balance of $5,222.54.

Defendants tendered issue under a general denial, and also interposed what they termed a counterclaim, under which they set forth that by their contract the plaintiffs agreed to perform the work in a good and workmanlike manner and with good judgment and skill, and to furnish none but good materials, and to complete the building within a reasonable time, but they failed so to do, to the damage of the defendants in the sum of two thousand dollars.

All the matters set forth in the so-called counterclaim could have been proved under the general denial, and this pleading amounts to nothing more than a general denial. The only issue, therefore, involved under the pleadings was as to the amount of the cost of the structure, and whether or not the plaintiffs had properly completed the building under the terms of the contract or expended the money as alleged.

The case was tried before a jury, and the verdict went for the defendants. Judgment was entered thereon, from which and from an order denying a new trial plaintiffs have appealed.

The evidence in support of the issues raised by the pleadings was voluminous, and a substantial conflict appears; and unless the alleged errors complained of as having occurred during the trial were prejudicial to plaintiffs the judgment must be affirmed.

The alleged errors complained of consist in the introduction by defendants of evidence as to the value of the lot and improvements, and the amount of income derived therefrom; and also three instances of alleged misconduct on the part of the defendants' counsel during the course of the trial.

Evidence of the value of the lot and improvements was permitted by the trial court over objection. The purpose of the evidence was to show that the building should have brought in a greater revenue, and would have done so but for the defective workmanship and the difficulty of securing and retaining tenants in a badly constructed and leaky building.

While this character of evidence going to prove such facts may not have been the best, it certainly afforded some slight evidence upon the subject, and its admission can hardly be said to constitute error.

The three instances of misconduct on the part of defendants' counsel which are assigned as error consisted in the demanding by said counsel of an investigation, during the course of the trial, of the result of an interview had by plaintiffs' counsel and one of the jurors; the conduct of the defendants' counsel in commenting upon this fact before the jury in his argument, and the further act of the defendants' counsel in his argument to the jury in offering to let plaintiffs have the property for forty per cent of defendants' equity.

With reference to the first objection, it is sufficient to say that counsel for the defendants was acting within his rights in demanding an investigation of the circumstances which to him warranted an investigation. As to the other acts, it appears from the record that when these matters were called to the attention of the trial court the jury was instructed at the time that it was to exclude from its consideration everything except that which bore directly upon the issues of the case. Under these circumstances we feel that whatever effect these statements may have had upon the minds of the jury was cured by the charge of the trial court.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 8, 1915.