[S. F. No. 17946. In Bank. Aug. 10, 1949.]

HERBERT J. DROTLEFF, Respondent, v. CHARLES W. RENSHAW et al., Defendants; HAROLD DYER et al., Appellants.

178

Dana, Bledsoe & Smith and Morton B. Jackson for Appellants.

Waldier & Truce and L. John Waldier for Respondent.

SPENCE, J.—This is an appeal from a judgment for damages for personal injuries suffered in an automobile collision. By its verdict the jury exonerated defendants Charles W. Renshaw and Charles A. Langlais from liability but found in favor of plaintiff as against defendants Harold Dyer and Jack M. Edmonds in the sum of $6,000. The latter two defendants appeal, arguing these points: (1) excessiveness of the damage award; and (2) prejudicial misconduct of plaintiff's attorney. In addition defendant Harold Dyer urges one further consideration not applicable to his coappellant: that his motion for nonsuit should have been granted on the ground of lack of "evidence" to "connect [him] in any way with the case . . . either as owner or employer" in relation to the vehicle driven by defendant Jack M. Edmonds. Cor-

related with this alleged insufficiency in the proof is a claim of error in one of the instructions to the jury. Careful examination of the record compels the conclusion that these respective objections cannot avail defendants as ground for reversal of the judgment against them. (Const., art. VI, § 4½.)

The accident appears to have happened in the following manner: Defendant Edmonds was driving a truck and trailer unit in a southerly direction on the westerly side of the Bayshore Highway. A Langlais Company pickup truck was proceeding in the same direction behind the Edmonds' truck. The automobile in which plaintiff was riding, driven by one Dias, was traveling north in the easterly lane. There was some confusion in the passing operations of the two trucks by reason of other traffic on the highway, resulting in an impact with the Dias automobile. As the sufficiency of the evidence establishing the negligence of Edmonds as the driver of one of the trucks is not challenged, the above recital is adequate for the purpose of discussing the points presented jointly by defendants Harold Dyer and Jack M. Edmonds on this appeal.

First to be noted is defendants' claim that the damage award for $6,000 is excessive and not justified upon the face of the record. In this connection they refer particularly to plaintiff's admission that his "medical bills as a result of this accident to the . . . time [of trial had] been $9" and that he had a "one day loss of work" on the per diem scale of $14—a total of $23. However, the evidence shows that plaintiff, by reason of the force of the collision, sustained cartilage and ligament damage to his knee, residual headaches, and a permanent facial scar; that these injuries had caused him protracted pain and suffering up to the time of trial, which was approximately one year and two months after the accident; that the impaired freedom of movement of his knee had decreased his efficiency in the performance of his work as a "weather-stripping mechanic," a troublesome restriction of problematical duration constituting a future threat to necessary physical activities incident to his regular employment; and that there were still added medical expenses to be met, for the family doctor, in detailing his findings from two examinations of plaintiff within the year, testified that he had yet to submit his bill therefor.

The trial court and the jury had the opportunity to observe plaintiff's condition and the extent of his injuries. The

matter of the excessiveness of the award was argued before the trial court as one of the grounds for a new trial, and the motion therefor was denied. As a matter determinable in the exercise of a sound discretion, the amount of damages fixed by the jury and approved by the trial court will not be disturbed on appeal unless the evidence shows that the award is so disproportionate to any reasonable limit of compensation as to indicate that it was the result of passion, prejudice or corruption on the part of the triers of fact. (*Roedder* v. *Rowley*, 28 Cal.2d 820, 823 [172 P.2d 353]; *Dodds* v. *Stellar*, 77 Cal.App.2d 411, 424 [175 P.2d 607]; *Brown* v. *Boehm*, 78 Cal.App.2d 595, 603 [178 P.2d 49]; *Couch* v. *Pacific Gas & Elec. Co.*, 80 Cal.App.2d 857, 867 [183 P.2d 91].) Such does not appear to be the situation here. The cases cited by defendants furnish no criterion on the present record, for they involve various factual considerations of distinguishing significance. Moreover, the currently deflated value of the dollar must be recognized (*Dodds* v. *Stellar, supra*), and while the award to plaintiff may be liberal, it cannot be regarded as without "the realm of reason" under all the circumstances to be considered. (*Freeman* v. *Nickerson*, 77 Cal.App.2d 40, 52 [174 P.2d 688]; see, also, *Butler* v. *Allen*, 73 Cal.App.2d 866, 870 [167 P.2d 488].)

Nor is there any merit to defendants' second objection charging misconduct on the part of plaintiff's attorney which operated to their prejudice in relation to the fixing of the amount of the verdict. It appears that in his closing argument, plaintiff's attorney informed the jury that he did not bring a certain doctor to testify in the case because plaintiff could not afford the expense. Other physicians testified sufficiently to establish by a preponderance of the evidence that the particular injuries to plaintiff had occurred. While undoubtedly the mention of plaintiff's financial condition was improper and should not have been made (*Ensign* v. *Southern Pac. Co.*, 193 Cal. 311, 322 [223 P. 953]), that consideration alone will not justify a reversal here. (24 Cal.Jur. § 29, p. 746.) The reference apparently was a casual one, with no effort at repetition to "aggravate the effect" (see *Carlston* v. *Shenson*, 47 Cal.App.2d 52, 61 [117 P.2d 408]), and the trial court acted promptly to correct the impropriety and remove any effect it might otherwise have had, not only in directing the jury to disregard the objectionable statement but in reprimanding plaintiff's attorney with an admonition to confine his remarks to the evidence in the case. Under such circumstances

it may not fairly be said that the reference in question contributed to the amount of the verdict, and that the trial court's timely action was ineffectual in curing the impropriety. (*Tingley* v. *Times-Mirror Co.*, 151 Cal. 1, 22-24 [89 P. 1097] ; *Lanigan* v. *Neely*, 4 Cal.App. 760, 779-780 [89 P. 441] ; *Hansbrough* v. *Mann*, 26 Cal.App. 261, 264 [146 P. 896].) Moreover, the alleged consequences of the cited reference were fully but unavailingly argued before the trial court as a ground for a new trial. There appears to be no reason to disturb the trial court's conclusion on this point in negation of defendants' charge of prejudicial misconduct. (*Coppock* v. *Pacific Gas & Elec. Co.*, 137 Cal.App. 80, 89 [30 P.2d 549].)

There now remains to be considered the additional ground of error assigned by defendant Harold Dyer—the premise of his liability upon the theory of *respondeat superior* in relation to the acts of defendant Jack M. Edmonds. This point of challenge requires careful examination of the record pertinent to the issue in question. ■ The original complaint listed as defendants two "Does." It alleged, in part, that "at all times herein mentioned" the "defendant JACK M. EDMONDS was the agent and employee of defendant FIRST DOE and/or DYER TRUCKING COMPANY, a corporation, and . . . was acting in the course and scope of his said employment and said agency"; and that "the vehicle" which the "defendant JACK M. EDMONDS" was then driving and operating was "a White truck and trailer unit . . . then and there owned by FIRST DOE and/or DYER TRUCKING COMPANY, a corporation, and . . . at the time and place . . . alleged . . . was driven with the consent of the owner." Several weeks later but before the appealing defendants, Dyer and Edmonds, filed their joint answer, plaintiff amended his complaint "by inserting" the name "HAROLD DYER, doing business as DYER TRUCKS" in the place of "the fictitious name FIRST DOE . . . wherever it appear[ed] in [the] complaint." (Code Civ. Proc., § 474.) Thereafter defendants Harold Dyer and Jack M. Edmonds jointly answered the original complaint, denying, among other things, the allegations of ownership and employment as above quoted. Apparently the amendment to the complaint was not served on defendants Dyer and Edmonds, and first came to their attention in open court during the course of the trial. However, service of such amended pleading, involving merely the "substitution of the real name of a defendant for a fictitious name" was not re-

quired. (*Kittle* v. *Bellegarde*, 86 Cal. 556, 563 [25 P. 55].)
■ The amendment related only to "formal or immaterial matters" and did not "change the cause of action" nor affect the issues as presented by the original complaint, so that the "answer already in was as appropriate to the complaint as amended as before the amendment." (*Gray* v. *Hall*, 203 Cal. 306, 311-312 [265 P. 246]; *Steinbauer* v. *Bondesen*, 125 Cal.App. 419, 428 [14 P.2d 106].) Accordingly, defendants' answer, though not addressed to the complaint as amended, stood effective as a denial of the material allegations thereof, and the questions of ownership and employment bearing upon defendant Dyer's liability in this case remained, as originally framed, in issue as matters for trial between the parties. (*Harney* v. *Corcoran*, 60 Cal. 314, 317.)

■ Defendant Dyer did not testify at the trial. However, defendant Edmonds, called as a witness for plaintiff, testified as follows: "Q. Jack Edmonds, you have heard the testimony of Charles Renshaw [another defendant], that on November 18th, 1946, you were present at the time of an accident involving a three quarter ton Chevy pickup operated by Charles Renshaw and another passenger car operated by Robert Dias [plaintiff's driver], and is it true you were present at the scene of that accident? A. Yes, sir. Q. You were then and there, at that time and place, immediately previous to and immediately after this accident operating a truck, semi trailer unit? A. Yes, sir. Q. At that time by whom were you employed? A. Dyer Trucks. Q. Dyer Trucks of Corcoran, California? A. Yes, sir. Q. For how long a time had you been in their employ? A. Over five years." This testimony was given at the trial by Edmonds without objection. It was sufficient to support a finding that Dyer Trucks was the employer of Edmonds, the driver of the truck and trailer unit involved in the accident. ■ Furthermore, other evidence unquestionably established that Edmonds as driver of such equipment was personally liable, and the judgment against him must be affirmed. However, plaintiff maintains that the uncontradicted testimony also binds defendant Dyer consistent with the amendment of the complaint to include as a defendant "HAROLD DYER, doing business as DYER TRUCKS."

At the conclusion of plaintiff's case, counsel for defendant Dyer moved for "a nonsuit on the ground no evidence has been shown here to connect this defendant in any way with the case . . . nothing to prove that Harold Dyer or the Dyer

Trucking Company was either the owner of that truck or the master of the driver of the truck.'' Plaintiff thereupon called attention to the fact that the complaint had been amended ''to show that the person designated therein by the fictitious name of First Doe was discovered to be Harold Dyer, doing business as Dyer Trucks.'' In response to that point, defendant Dyer's counsel stated that he had not ''seen or heard of that amendment . . . it was never served on us [the law firm acting as 'attorneys for the defendants Harold Dyer and Jack M. Edmonds'].'' However, no request was made for time to answer the amendment and, as above indicated, the nature of the amendment was such as not to require the postponement of further trial of the case pending the ''joining of issues.'' (*Gray* v. *Hall, supra,* 203 Cal. 306, 311.)

■ The motion for a nonsuit was denied. This ruling was proper, for it appears that counsel for defendant Dyer argued such motion solely from the premise that there was only certain ''hearsay testimony'' in the record purporting to establish that ''the truck [Edmonds was driving] was a Dyer Trucking truck.'' He accordingly coupled his nonsuit claim with a motion to strike such ''hearsay testimony,'' which motion likewise was denied. Apparently he overlooked entirely the evidence adduced from the driver Edmonds on the point of his employment by ''Dyer Trucks,'' as above quoted, and to which testimony plaintiff's counsel referred in his argument in opposition to the nonsuit. Defendants then proceeded with the presentation of their evidence, which, however, did not include any attempt on the part of defendant Dyer, by taking the witness stand or through other proof, to counteract the testimony of the driver Edmonds on the employment issue. Nor was there a motion for a directed verdict made on behalf of defendant Dyer because of any deficiency in the proof against him as an individual on the issue of liability for the happening of the accident. (24 Cal.Jur., § 163, p. 913.)

■ Defendant Dyer argues that ''mere statements that a truck belonged to and was being operated for Dyer Trucks constitute no evidence against'' him as an individual, for there ''was no evidence that Dyer Trucks was either a copartnership or a corporation . . . [that he] was either an officer of the alleged corporation or a partner or sole operator of a concern called Dyer Trucks.'' He connects with this alleged lack of proof a claimed error in one of the instructions given

at the request of plaintiff and fixing the relationship of the defendants as follows: "While there are several defendants in this action, two (2) of them, Charles A. Langlais and Harold Dyer, have been sued herein because, as has been established, they were the principals for whom defendants Charles W. Renshaw and Jack M. Edmonds, respectively, were acting as agents, and within the scope of their authority, at the time of the events out of which the accident occurred. It follows, therefore, that if the agents are liable, the principals are liable." The impropriety of such instruction, he argues, rests upon the ground that it "assumes the existence of a fact which is not in evidence"—the employment relation between him and Edmonds—and so the "province of the jury [was] invaded" on a matter which should have been left for its determination. (*Clarke* v. *Volpa Brothers*, 51 Cal.App. 2d 173, 179 [124 P.2d 377].)

It may be argued that plaintiff's evidence connecting defendant Dyer as a responsible party in the case was somewhat ambiguous, resting wholly upon Edmonds' testimony as to his employment by Dyer Trucks at the time in question (1 Cal.Jur., § 8, p. 698) and without any attempt to substantiate the precise allegation in the amended complaint that "Harold Dyer" was "doing business as Dyer Trucks." Likewise, it is doubtful whether such testimony in and of itself would warrant the quoted instruction declaring the principal-agency status between Dyer and Edmonds had been established as a matter of law, and applying the principle of *respondeat superior* in holding the former liable for the acts of the latter under the employment relationship assumed to exist between Dyer as an individual and the driver Edmonds. (1 Cal.Jur. § 117, p. 837.) However, conceding this instruction to have been erroneous, it does not appear to justify a reversal of the judgment against defendant Dyer in the light of other considerations in the record.

As above stated, defendant Dyer did not testify at the trial yet he knew prior to the presentation of evidence by the defense, and upon denial of his motion for a nonsuit, that plaintiff's complaint had been amended to include him as a party defendant, an individual "doing business as Dyer Trucks." With no attempt made by counsel for defendant Dyer to challenge the testimony of the driver Edmonds as to his employment by Dyer Trucks, there was no evidence before the jury indicating that Dyer as an individual should not be identified with the operation of Dyer Trucks pursuant

to the allegation in the amended complaint. In line with this evidentiary consideration is the fact that defendants Edmonds and Dyer filed a joint answer—procedure which would seem strange on the face of the record if the former were not to be deemed the latter's employee—and their defense was handled throughout the case by the same law firm expressly appearing as "attorneys for the defendants Harold Dyer and Jack M. Edmonds." Moreover, as above noted, no motion for a directed verdict was presented on behalf of defendant Dyer.

Consistent with these observations is the premise of the following instruction given by the trial court at the request of defendants Dyer and Edmonds: "I charge you that no liability exists against Harold Dyer or Edmonds unless defendant Edmonds was guilty of want of ordinary care. 'Ordinary care' as used in these instructions, is such care as an ordinarily prudent person in the same or similar business or transaction would exercise in the same or similar circumstances." Such instruction clearly implied that liability existed against Harold Dyer by reason of the accident if it existed against Edmonds—a theory of responsibility which could only be correlated with the employer-employee relationship between the two. Having requested and been granted this instruction impliedly authorizing the jury to find "Harold Dyer" liable for "Edmonds' " negligence, defendant Dyer is in no position to complain of the instruction consistently declaring the agency relationship to exist between them in the fixing of their responsibility to plaintiff. Like implications prevail with regard to another instruction given by the trial court at the request of defendants Dyer and Edmonds: "If you find that Mr. Edmonds drove his truck in a careful and prudent manner and that he was not careless or negligent, then I instruct you that he was not legally responsible for the accident and that no damages should be awarded against him nor against Harold Dyer." It does not appear that these defendants made any request for an instruction submitting the issue of *respondeat superior* to the jury for its determination or in anywise countering an assignment of liability against defendant Dyer premised upon such principle. As has been frequently said, "[p]rejudice is no longer presumed from error" (*Anstead* v. *Pacific Gas & Elec. Co.*, 203 Cal. 634, 640 [265 P. 487]), and in view of this examination of the record sustaining the propriety of the verdict and judg-

ment rendered against defendant Dyer, it cannot be said that a miscarriage of justice has occurred. (Const., art. VI, § 4½.)

The judgment as entered against each defendant is affirmed.

Gibson, C. J., Carter, J., and Traynor, J., concurred.

SCHAUER. J.—I concur in the judgment only insofar as it relates to the defendant Edmonds. It seems to me that on the face of the majority opinion it is obvious that there is a total lack of evidence to sustain the judgment as against Harold Dyer personally.

Edmonds, J., concurred.

Appellant Dyer's petition for a rehearing was denied September 8, 1949. Schauer, J., voted for a rehearing.