Filed 12/24/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| RAZAN AMMARI, | B336026 |
| Plaintiff and Respondent. | (Los Angeles County Super. Ct. No. 19SMUD02318) |
| v. | |
| SAMI AMMARI, | |
| Defendant and Appellant. | |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County, Michael C. Small, Judge. Reversed and remanded with directions.

Tamer Law Corp and Steven M. Tamer for Defendant and Appellant.

Dennis P. Block & Associates, Dennis P. Block, and H.G. Long for Plaintiff and Respondent.

When a defendant answers the plaintiff's initial complaint but does not file a new answer to the first amended complaint, the original answer may serve to controvert facts reasserted in the amended complaint. Although the defendant admits new factual allegations, a default judgment cannot be taken against him or her based on allegations the original answer denied.

In this case, defendant Sami Ammari filed an answer to plaintiff Razan Ammari's original complaint but did not answer Razan's first amended complaint. After Razan obtained a default judgment, Sami moved to set it aside. Sami appeals the order denying that motion.

As we shall explain, Sami's original answer denied essential factual allegations asserted in Razan's first amended complaint. Without Sami admitting these allegations, the default judgment cannot stand. We thus reverse the judgment.

## PROCEDURAL HISTORY

In 2019, Razan filed an unlawful detainer complaint against several defendants, including Sami, for possession of residential property in the City of Malibu. Razan classified the action as a limited civil case. Sami filed an answer denying several allegations and asserting numerous affirmative defenses.

In July 2020, Razan moved for leave to file a first amended complaint for unlawful detainer. The court granted Razan's motion. Razan served—but did not file—the amended pleading. Sami filed an answer to the purported first amended complaint. Substantively, it is identical to the original answer.

In January 2021, the case proceeded to a court trial. None of the defendants appeared. The court ruled in plaintiff's favor and entered judgment against defendants for $274,137 in holdover damages. Three times, Sami moved to set aside the

2

judgment. The court granted Sami's third motion and vacated the judgment.

In July 2022, the court allowed Razan to file a first amended complaint to reclassify the action as an unlimited civil case. Razan did so. Sami never answered this first amended complaint. The clerk entered his default in January 2023. On June 13, 2023, the court entered default judgment of $337,495 against Sami.

Sami moved to set aside the default judgment as void under Code of Civil Procedure section 473, subdivision (d).[1] On October 10, 2023, the court denied the motion. Sami then moved to set aside the default judgment under section 473, subdivision (b). The court denied the latter motion on January 11, 2024.

On January 22, 2024, Sami filed three separate notices of appeal of the default judgment and the orders denying his two motions to set aside the judgment.

## DISCUSSION

### I. Sami Timely Appealed from the Postjudgment Order Denying His Motion to Set Aside the Default Judgment

Razan contends Sami did not timely appeal from the default judgment. We need not address this issue because Sami timely appealed from the postjudgment order denying his motion to set aside the judgment under section 473, subdivision (d). Generally, a notice of appeal must be filed on or before the earliest of 60 days after the superior court clerk or a party serves a document entitled "Notice of Entry" of judgment, or 180 days

---

[1] All further statutory references are to the Code of Civil Procedure.

3

after entry of judgment.  (Cal. Rules of Court, rule 8.104(a)(1).)
For purposes of this rule, " 'judgment' includes an appealable
order . . . ."  (Cal. Rules of Court, rule 8.104(e).)  Orders denying
statutory motions to set aside a judgment are appealable.
(*Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137; *Peltier v.
McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1815.)

The trial court denied Sami's postjudgment motion for
relief from default under section 473, subdivision (d) on October
10, 2023.  The record does not reflect that the clerk or any party
served notice of entry of the order or a file-stamped copy of the
order on Sami as required to shorten Sami's time to appeal.  (See
Cal. Rules of Court, rule 8.104(a)(1)(A) & (B); *InSyst, Ltd. v.
Applied Materials, Inc.* (2009) 170 Cal.App.4th 1129, 1134.)  Sami
therefore had 180 days to appeal.  He timely filed a notice of
appeal on January 22, 2024, 104 days after the court denied his
motion.

## II. The Trial Court Erroneously Denied Sami's Motion to Set Aside the Default Judgment

Sami argues the trial court erroneously denied his motion
to vacate the default and default judgment under section 473,
subdivision (d), which permits courts to "set aside any void
judgment or order."  We review this issue de novo.  (*Talley v.
Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132,
146; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488,
495–496.)

Sami contends his original answer stood to answer the first
amended complaint.  In her response brief, Razan does not
address this argument.  She also does not address whether a
default judgment erroneously entered after a defendant has filed

4

an answer is void or voidable. We therefore assume without deciding that such a default judgment is void.

We agree that Sami's answer to the initial complaint sufficed to controvert the first amended complaint and precluded entering his default. Generally, " 'where a plaintiff amends his . . . complaint so as to change the cause of action, or add a new one, it constitutes an abandonment of the original issues, and judgment by default may be taken against the defendant if he fails to file a new or amended answer or plea within the time allowed therefor, notwithstanding the original answer or plea is still on file.' " (*Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 808 (*Carrasco*).)

But this rule does not " 'apply where the original plea or answer set forth a sufficient defense to the . . . complaint as amended.' " (*Carrasco, supra,* 164 Cal.App.3d at p. 809.) " '[W]hen a complaint is amended after answer, the defendant is not bound to answer *de novo*. He may do so if he chooses; but, if he does not elect to do so, his original answer stands as his answer to the amended complaint; and in such case he will not be in default except as to the additional facts set up in the amended complaint, and not put in issue by the answer . . . .' " (*Ibid.*; accord *Drotleff v. Renshaw* (1949) 34 Cal.2d 176, 182 [answer to original complaint "stood effective as a denial of the material allegations" in amended complaint].)

This rule aligns with the general principle of caution in entering default judgments. The law favors resolving disputes on the merits. (*Sass v. Cohen* (2020) 10 Cal.5th 861, 881; *Au-Yang v. Barton* (1999) 21 Cal.4th 958, 963.) In a defendant's absence, justice requires trial courts to "act as gatekeepers to ensure only the appropriate claims" reach default judgment. (*LCPFV, LLC v.*

5

*Somatdary Inc.* (2024) 106 Cal.App.5th 743, 754; accord *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1000.)  "It is imperative in a default case that the trial court take the time to analyze the complaint at issue and ensure that the judgment sought is not in excess of or inconsistent with it." (*Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 868.)  It is equally important to determine whether a defendant's prior answer denied allegations necessary for plaintiff to recover on an amended complaint.

On default, "defendants are deemed to have admitted all material allegations . . . ." (*Siry Investment, L.P. v. Farkhondehpour* (2022) 13 Cal.5th 333, 361.)  Defendants who answered the initial complaint but fail to answer an amended complaint, however, should not be deemed to have admitted allegations they already denied.

Though Razan's first amended complaint set forth new causes of action, it relied on the same factual allegations as the initial complaint for unlawful detainer.  The first amended complaint brings three causes of action: money had and received, restitution based on unjust enrichment, and "reasonable rental value damages for wrongful occupancy of real property after right to possession was terminated."  Sami's initial answer denied at least two factual allegations necessary to all causes of action.

First, Sami denied that Razan owns the subject property.  Razan's ownership serves as the foundation of the entire first amended complaint.  She alleged Sami was a tenant at will without a written lease and that, after she duly terminated Sami's tenancy, he refused to vacate the premises.  Razan sought to recover holdover damages for the "reasonable value of the use and occupancy" of the premises.  She alleged no basis for recovering those damages except that she owned the

6

premises. Because Sami did not admit that allegation, Razan cannot recover those damages via default judgment.

Second, Sami denied Razan's allegations about the property's value. The initial complaint alleged the fair market value of the premises is $25 per day. It sought damages "for each day that defendants remain in possession," beginning November 14, 2019. Sami's answer denied that the property's rental value was $25 per day and asserted the fair rental value of the premises alleged in the complaint was "excessive."

Razan's first amended complaint alleged the fair market value was $667 per day but still sought to recover the property's rental value from November 14, 2019, through the date Sami vacated the property. By denying that the premises were worth $25 per day and asserting that amount is excessive, Sami necessarily denied that the premises were worth $667 per day.

Moreover, Razan's first amended complaint itself acknowledges that it seeks the same relief as the initial unlawful detainer complaint (but at a higher daily rate). The first amended complaint asserts Razan "is entitled to recover whatever relief would have been available in the unlawful detainer action . . . , including the right to recover the fair market rental value damages for the detention of the Premises after expiration of the Notice up through the date Defendants vacated the Premises." Razan does not contend Sami's answer was insufficient as against the initial unlawful detainer complaint. Because Razan continues to seek "whatever relief would have been available in the unlawful detainer action," the original answer also suffices to deny the first amended complaint's material allegations.

7

Sami's answer to the initial unlawful detainer complaint denied allegations necessary for Razan to recover damages for the property's alleged rental value.  The trial court therefore erred in denying Sami's motion to set aside his default and the default judgment under section 473, subdivision (d).  We need not and do not consider whether the trial court erred in denying Sami's other motion to set aside the default judgment.

Razan argues Steven Tamer, the attorney who filed Sami's motion to set aside default, had no authority to do so because he was not Sami's attorney of record at the time.  In support of this argument, Razan relies on the signed order granting Tamer's motion to be relieved as counsel in December 2020.  But the order was effective only upon Tamer filing proof of service on Sami.  Tamer had not filed that proof of service when he filed Sami's section 473, subdivision (d) motion, and was thus authorized to do so on Sami's behalf.

## DISPOSITION

We reverse the judgment and reverse the trial court's order denying Sami Ammari's motion to set aside his default and the default judgment under section 473, subdivision (d). The matter is remanded to the trial court with directions to enter a new order granting the motion and vacating Sami's default and the default judgment against him. Sami shall recover his costs on appeal.

**CERTIFIED FOR PUBLICATION**


TAMZARIAN, J.

We concur:



ZUKIN, P.J.



MORI, J.

9