[S. F. No. 1631.    Department One.—June 1, 1899.]

'A. BEATTIE, Appellant, v. G. F. CREWDSON et al., Respondents.

NOTICE TO SUBSEQUENT PURCHASER — POSSESSION UNDER UNRECORDED DEED.—An unrecorded deed is valid as between the parties and as against subsequent purchasers having notice thereof, and the possession of the grantee of such unrecorded deed is notice of his title to a subsequent purchaser from the same grantor.

ID.—PROTECTION OF BONA FIDE PURCHASER—BURDEN OF PROOF AS TO NOTICE.—The subsequent purchaser cannot be protected as a *bona fide* purchaser if he had notice, actual or constructive, of the occupant's prior title, at any time before payment of the money; and the burden of proof is upon him to show that he had not such notice.

ID.—FINDINGS—POSSESSION AND NOTICE—SUFFICIENCY OF EVIDENCE.—The evidence reviewed, and held sufficient to support findings as to the possession and improvements by the first purchaser under an unrecorded deed which was lost; and that a subsequent grantee and succeeding grantees claiming under the same grantor, each had notice of the rights of the occupant, and that none of them were *bona fide* purchasers for value, without notice.

ID.—IMMATERIAL FINDING AS TO TAXES—ADVERSE POSSESSION NOT INVOLVED.—A finding that the first purchaser had paid taxes upon the premises possessed by him for five years next preceding the commencement of the action is not material, no adverse possession being involved, as against a subsequent purchaser claiming under the same grantor, with notice of the rights of the occupant; and if such finding is not supported by the evidence it is error without injury.

ID.—PROCUREMENT OF TAX DEEDS BY SUBSEQUENT PURCHASER—TITLE NOT STRENGTHENED—NOTICE TO PURCHASER. — A subsequent purchaser claiming under the same grantor, and having notice of the rights of a prior purchaser in possession, cannot strengthen his title by procuring an outstanding tax title, with like notice.

ID.—RECORD UPON APPEAL—TAX DEEDS NOT SHOWN—DECISION AGAINST VALIDITY. — The tax deeds not being printed in the record upon appeal, the decision of the superior court against their validity, as affecting the rights of the occupant, will not be disturbed upon appeal. The court may have found in them fatal defects.

ID.—EXCLUSION OF EVIDENCE—DECLARATIONS UPON DELIVERY OF DEEDS— ERROR NOT SHOWN.—The exclusion of evidence as to what was said, or as to what occurred, at the time of the delivery of several deeds passing from a subsequent grantee to other grantees successively, without any offer to show its relevancy and competency, and that it was not hearsay, does not appear to be erroneous.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial.   S. K. Dough-erty, Judge

The facts are stated in the opinion.

D. R. Gale, and John T. Campbell, for Appellant.

T. J. Butts, and J. M. Thompson, for Respondents.

CHIPMAN, C.—Ejectment.   The property consists of certain lots in Hewitt's addition to the city of Santa Rosa.   Trial by the court without a jury.   Defendant Crewdson claimed title to the lots in question, and by way of cross-complaint asked to have his title quieted.   Defendant Michaels answered that he is not and has not been in possession since June 1, 1897 (the complaint was filed December 7, 1897), and defendant Pollini claims that he occupies the premises as tenant of defendant Crewdson.   Judgment was given in favor of Crewdson that he is the owner and entitled to possession and quieting his title. Plaintiff appeals from the judgment and from an order denying his motion for new trial.

The court found the following facts: That one Behmer in April, 1885, being the owner of the lots, sold the same for full value to defendant Crewdson by deed of conveyance, which said deed was not recorded and was afterward lost; soon after receiving his deed Crewdson took possession of the property under his deed, and immediately began improving the same, and erected a dwelling thereon costing eight hundred dollars, which was completed by the first of the year 1886, and he has ever since been in the actual and continuous possession of the premises, and is now in possession of the same; Crewdson has never sold or conveyed said property, or any part thereof, and has paid all taxes levied and assessed upon the property "for the five years next prior to the commencement of the action"; said Behmer had no interest in the property since April, 1885; on May 27, 1893, said Behmer and wife made and delivered their deed to the property to one Julia E. Riley, which was duly recorded, but said Behmers did not then own the property, nor were they in actual possession thereof, but defendant Crewdson was then "in the actual, open, and notorious and exclusive

possession of said property, and said Riley at said time had
notice of the right, interest, and equities of said Crewdson in
and to said premises"; there is "no evidence that said Riley
paid any valuable consideration for said property, or that she
was a *bona fide* purchaser of said property." It is further
found that said Riley deeded the property to one Angelina
Hutton June 26, 1896, and this deed was duly recorded, and
that Mrs. Hutton conveyed by deed to plaintiff November 21,
1896, which was duly recorded, and that neither Mrs. Riley nor
Mrs. Hutton owned the property at the time, and that Mrs.
Hutton and plaintiff had notice of Crewdson's possession of
and interest in the lot when they took their deeds, and that
Mrs. Hutton paid no value for said premises and was not a
purchaser in good faith, and that there is no evidence that
plaintiff was a purchaser in good faith without notice, or that
he ever paid any valuable consideration for said premises.

1. The principal error assigned is that the court adjudged
plaintiff's deed to be void because he failed to prove that he was
an innocent purchaser for value without notice of Crewdson's
possession. We are cited to section 1614 of the Civil Code,
where it is provided that "a written instrument is presumptive
evidence of a consideration"; to section 1615 of the Civil Code,
which provides that "the burden of showing want of considera-
tion sufficient to support the instrument lies with the party
seeking to invalidate it"; and to section 1214 of the Civil Code,
which provides that "every conveyance of real property is void
as against any subsequent purchaser or mortgagee . . . . in
good faith and for a valuable consideration whose conveyance
is first recorded." (Citing, also, numerous cases from our re-
ports.) But section 1217 of the Civil Code declares that "an
unrecorded instrument is valid as between the parties and those
having notice thereof."

One who purchases real estate is bound to know who is in
possession thereof and is chargeable with notice of the occu-
pant's title (*Scheerer v. Cuddy*, 85 Cal. 270); and if he had no-
tice, actual or constructive, at any moment of time before the
payment of the money, he is not a *bona fide* purchaser (*Eversdon
v. Mayhew*, 65 Cal. 163); and the burden is upon such pur-
chaser to show that he had not such notice. (*Wilhoit v. Lyons*,
98 Cal. 409.)

2. But it is claimed that the findings as to defendant's pur-
chase, improvements, possession, and payment of taxes above
stated are unsupported by the evidence. The evidence tends
to show that defendant Crewdson received a deed to the prop-
erty from Behmer as found by the court, and that he went into
possession under the deed and improved the property, and has
ever since, except at short intervals, occupied the premises by
himself, or members of his family or by tenants. At the time
Behmer's deed was delivered to Crewdson another deed of the
property from Behmer's sister to Behmer was also delivered to
Crewdson. This latter deed was recorded, but for some unex-
plained reason the former deed was not. Crewdson took it to his
home and put it away in a bureau drawer; he did not discover
its loss until about the time this action was brought, and he has
not been able to find it upon search made. He had no actual
notice of any of the deeds to plaintiff, and did not know that he
or any other person made any claim to the property until
shortly before this suit was brought. Plaintiff introduced in
evidence a deed from Behmer and wife to Mr. Riley dated May
27, 1893; also deed from Mrs. Riley to Mrs. Hutton dated June
26, 1896; also deed from Mrs. Hutton to plaintiff dated Novem-
ber 31, 1896. Mrs. Riley was Mrs. Hutton's mother, and Mrs.
Hutton, prior to March 25, 1895, was Crewdson's wife. On
August 1, 1890, while Mrs. Hutton was wife of Crewdson, she
made a deed of the lots to Mrs. Riley without the knowledge
of Crewdson, and without consideration; Mrs. Riley then made
a mortgage of the lots to plaintiff to secure a loan of two hun-
dred and fifty dollars to Mrs. Riley. Afterward plaintiff (May
27, 1893) procured the deed to be made from Behmer to Mrs.
Riley. After Mrs. Hutton was divorced from Crewdson Mrs.
Riley, without consideration, deeded the property to Mrs. Hut-
ton, and on the same day Mrs. Hutton deeded it to plaintiff,
and the deeds were recorded at the same time. Crewdson
knew nothing of these various transactions. Mrs. Hutton tes-
tified that she never owned the lots and never had any inter-
est in them; that she never received anything or paid anything
for them; that she conveyed them to her mother with the
understanding that her mother would reconvey them to her.
Plaintiff also introduced a deed from one McCann to himself,

dated July 26, 1897, to two of the lots.  McCann held certain tax deeds to these lots given for delinquent taxes for the years 1889, 1890 and 1891.  Plaintiff bought this title from McCann shortly before suit brought.  ·  For eight or nine years previous to this suit plaintiff lived in a neighboring town about seven miles distant from Santa Rosa.  The circumstances surrounding all these transactions, as disclosed by the evidence, show that he knew, and if he did not that he had ample means of knowing, that Crewdson was in possession and claiming ownership of these lots, and at no time while on the witness stand did he disclaim knowledge of Crewdson's rights; and he admitted that he paid no consideration to Mrs. Hutton.  He claims, however, that he indirectly paid a consideration by reason of the loan of money to Mrs. Riley, but there is no evidence that he has canceled the mortgage given by her, and, besides, it appears that he had the same notice of Crewdson's claim when he took the mortgage that he had when he took the deed from Mrs. Hutton.  He did not undertake to get possession or ask for it until six months after Mrs. Hutton deeded the lots to him, and his conduct throughout the transactions with which he was connected points strongly to the conclusion that he was endeavoring to get a paper title with a view to defeat Crewdson's claim.

3. Certain errors of law occurring at the trial are assigned. When plaintiff testified he explained how he came to take the deed from Mrs. Hutton, and after stating that she said "she would sooner give me a deed than to have me foreclose," he was about to state what further she said at that time, whereupon defendant's objection on the ground of incompetency, and that the evidence was hearsay, was sustained.  We cannot say from anything the record discloses that this was error.  If plaintiff had stated what he wished to prove, it is possible that its relevancy and competency would have appeared.  Merely to refuse an answer to the question, "What did she say?" cannot be held error without the record showing affirmatively that the evidence was competent and relevant, and not hearsay.  The same may be said of the alleged error in refusing to allow the witness, Mrs. Beattie (plaintiff's wife), to answer the question: "What occurred at the time of the delivery of these deeds, if

you know?" referring to the deed of Mrs. Riley to Mrs. Hutton and the deed of Mrs. Hutton to plaintiff.

It is claimed that the evidence does not sustain the finding that defendant Crewdson paid the taxes assessed on the property for five years immediately preceding the action. There is some evidence tending to show payment of taxes by him during this period. It is rebutted as to the year 1895 by a certificate of tax sale dated June 28, 1896, showing sale to the state for nonpayment of taxes, indorsed, "Redeemed Nov. 14, 1896, by A. Beattie." Defendant objected to the introduction of this certificate as incompetent and irrelevant. No proof was offered of the official position of the person purporting to have issued the certificate, or of any other fact as to its issuance; it was not authenticated in any way, and plaintiff did not testify that he paid any money for redemption. The judgment is sustained upon grounds other than the adverse possession of Crewdson, as already shown, and if the finding referred to was not supported it was error without injury.

It is not necessary to consider the claim that the court erroneously held the tax deeds of McCann to be void. Plaintiff obtained that title with notice of Crewdson's claim of title and possession. Plaintiff could not strengthen his position in this way, and, as to Crewdson, it was proper to hold the McCann deeds to be void. Furthermore, these deeds were not printed in the record, and the court may have found in them some fatal defects of which we have here no knowledge.

Numerous other assignments of error are made, but upon examination they appear to depend more or less upon questions already disposed of, and do not call for special notice.

It is advised that the judgment and order should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.