[Civ. No. 184.   Second Appellate District.—February 6, 1906.]

JULIA N. ROGERS, Appellant, v. A. McCARTNEY et al.,
Respondents.

DEED—DESCRIPTION—REFERENCE TO MAP—RECORD OF MAP—NOTICE—
BONA FIDE PURCHASER.—A prior deed, which was duly recorded,
described the premises conveyed as ''lot No. 5, in block 42, at Gar-
vanza, according to a map recorded in book No. 9, pages 45 and 46,
Miscellaneous Records.'' The map recorded in that book at the
page referred to did not contain any block 42. There was, how-
ever, recorded in book 15, page 54, of such records, a map, con-
taining a block and lot described as ''lot 5, block 42, Ralph
Rogers' subdivision of blocks 41 and 42 of the Garvanza Addi-
tion No. 1,'' which was the only map of Garvanza, or
of any additions or subdivisions of land adjacent thereto, con-
taining a block No. 42, and such block adjoined the town of
Garvanza and was generally known and treated as a part thereof.
*Held*, that the record of such prior deed was constructive notice
to a subsequent innocent purchaser for a valuable consideration
that the premises intended to be conveyed was the lot No. 5, in
block 42, as shown on the map recorded in book 15, page 54.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order refusing a new trial. D.
K. Trask, Judge.

The facts are stated in the opinion of the court.

Julius Lyons, for Appellant.

Charles Cassat Davis, for Respondents.

SMITH, J.—The suit was brought against various parties to quiet the plaintiff's title to numerous lots of land, comprising, among others, the lot in question; which is described as "lot 5, block 42, Ralph Rogers' subdivision of blocks 41 and 42 of the Garvanza Addition No. 1, as per survey, map and record thereof, as appearing in book 15, page 54, Miscellaneous Records of said county." The case was submitted upon an agreed statement of facts, which is substantially embodied in the findings of the court. Judgment was entered in favor of Scharff against the plaintiff and some of the defendants quieting his title to the lot in question. The plaintiff appeals from the judgment and an order denying her motion for a new trial.

From the agreed statement (which was the only evidence) it appears that both parties deraign title from Ralph Rogers, who was formerly the owner of the lot in question; and that on May 12, 1887, Scharff purchased from Rogers, for the sum of $425, the lot described in a deed from Rogers to Scharff of date August 2, 1888, as "lot No. 5, in block 42, at Garvanza, according to a map recorded in book No. 9, pages 45 and 46, Miscellaneous Records." Rogers had previously conveyed to one Childress, "in trust for the various purchasers and their assigns," etc., a number of lots described in a tabular list, among which appears the lot described in the deed; and he had also made to him a power of attorney to execute conveyances of the lots conveyed. The deed in question was signed "Ralph Rogers [Seal], By A. D. Childress, as trustee and his attorney in fact." It appears, however, that the map recorded in the book at the page referred to does not contain any block 42, but that there is such a block and number in the subdivision and map referred to in the description of the lot in question in the complaint, recorded in book 15, page 54, which is the only map of Garvanza, or of any additions or subdivisions of lands adjacent thereto, containing a block No. 42; and it is further agreed that said block 42 is adjacent to the town of Garvanza and is popularly and generally known and treated as a part of the town or locality of Garvanza. The defendant Scharff has also a deed from Childress as trustee, of date June 29, 1903, correctly describing the lot by reference to the map in book 15, page 54; it being recited that the deed was given to correct errors in the former deed between the same parties.

The plaintiff deraigns title under a deed of January 2, 1892, from Ralph Rogers, to Lydia Conway, to whose title she has succeeded, and a deed from Childress of date December 13, 1902, to herself, in which the lot is described as in the complaint. There is no allegation, evidence, or finding that the plaintiff purchased without notice, or for valuable consideration; and it may be doubted whether, in the absence of the fact appearing, she can avail herself of the claim that she is such purchaser. (*Alcorn* v. *Buschke*, 133 Cal. 657, 658, [66 Pac. 15], and cases cited; *Beattie* v. *Crewdson*, 124 Cal. 579, [57 Pac. 463].) But we will assume, with appellant's counsel (for the purposes of the decision only) that the question is whether "the description in said deed to Scharff was sufficient to give constructive notice to an innocent purchaser for a valuable consideration" of the lot correctly described; and this question, we think, must be answered in the affirmative. Upon the agreed facts, there can be no doubt that the lot described in the deed from Rogers to Scharff is the lot more correctly described in the complaint; nor do we think that upon proper inquiry the plaintiff or her grantors could have failed to ascertain this fact.

It follows that the judgment and order appealed from must be affirmed; and it is so ordered.

Gray, P. J., and Allen, J., concurred.