[Civ. No. 825.   Second Appellate District.—June 6, 1910.]

CAROL CROUSE-PROUTY, and SIMON PROUTY, Her Husband, Respondents, v. JULIA A. N. ROGERS, and W. B. JUDSON, Appellants.

ORDER GRANTING NEW TRIAL—GROUNDS OF MOTION—GENERAL ORDER—REVIEW UPON APPEAL.—Where the grounds of a motion for a new trial were insufficiency of the evidence to justify the decision, newly discovered evidence based upon affidavits, and errors of law occurring at the trial, a general order granting the motion will not be disturbed upon appeal, unless it appears that the making of the order constitutes an abuse of discretion.

ID.—QUIETING TITLE—CONTRACT OF PURCHASE—CONFLICTING EVIDENCE—AGENCY AND TRUST FOR PURCHASER—NOTICE—NEW EVIDENCE—PROPER ORDER GRANTING NEW TRIAL.—In an action to quiet title, where conflicting titles rested upon a contract of purchase, and findings for the defendants were made upon conflicting evidence that the contract was not complied with, that the female plaintiff was a grantee of the purchaser, whose deed did not describe the land sued for, and that the female defendant's deed from the vendor and original purchaser was without notice of plaintiffs' deed, but there is evidence in the record from which the court might conclude, in its order granting a new trial to plaintiffs, that the grantee of the purchaser was a corporation which was a mere agency and trustee for the purchaser, that the defendant had actual and constructive notice of plaintiffs' deed, and also that the newly discovered evidence conflicted with its findings, the court did not abuse its discretion in granting the new trial.

APPEAL from an order of the Superior Court of Los Angeles County, granting a new trial.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellants.

O. B. Carter, and Schweitzer & Hutton, for Respondents.

SHAW, J.—Action to quiet title.   Judgment went for defendants; plaintiffs moved for a new trial, which motion was granted, and defendants prosecute this appeal from the order granting the same.

The judgment was based upon certain findings of the court to the effect that the purchase price of the lot in controversy was not paid to Glassell pursuant to the contract; that the deed to plaintiff Carol Crouse-Prouty did not describe the land set out in the complaint; that at the time defendant Julia Nolan Rogers received the deed to the lot she had no notice, either actual or constructive, of the deed from the corporation to plaintiff, and that plaintiff had no claim of right, title, or interest in and to the lot in question, as to all of which findings the evidence was conflicting.

The grounds of the motion for a new trial were insufficiency of the evidence to justify the decision, newly discovered evidence embodied in affidavits used upon the hearing of the motion, and errors of law occurring at the trial. In such cases, where the order, as here, is general, this court will not disturb the ruling of the trial court unless the making of the order constitutes an abuse of discretion. (*Brooks* v. *San Francisco etc. Ry. Co.*, 110 Cal. 178, [72 Pac. 570] ; *Cole* v. *Wilcox*, 99 Cal. 552, [34 Pac. 114] ; *Von Schroeder* v. *Spreckels*, 147 Cal. 186, [81 Pac. 515].)

On December 26, 1885, Andrew Glassell, who was the common source of title, entered into a contract with Ralph and W. E. Rogers, whereby he agreed to sell and convey to them a large tract of land, which included the lot in controversy. On March 24, 1886, Ralph and W. E. Rogers transferred this agreement for purchase to a corporation known as the Garvanza Land Company, which, under the terms of the agreement, caused a portion of the land to be subdivided into lots and blocks and designated it as "Garvanza Addition No. 1," map of which was duly recorded. On June 19, 1886, the corporation, for a valuable consideration, executed a deed, which was duly recorded, to plaintiff Carol Crouse-Prouty, whereby it conveyed to her the lot in question. After the execution of this deed by the corporation, and on December 15, 1886, the corporation transferred the Glassell contract to W. F. McClure, who, on the day following, assigned it to Ralph Rogers. On July 12, 1888, Glassell executed a grant deed to Ralph Rogers of the lands described in the said contract, excepting therefrom certain tracts, which excepted lands did not, however, include the lot involved in this action. W. E. Rogers joined Glassell in the execution of this conveyance. This

deed recited payment of the consideration mentioned in the contract, and that "this deed is delivered and accepted in satisfaction of the existing obligations of the party of the first part (Glassell), by reason of said contract of December 26, 1885." On January 2, 1892, Ralph Rogers conveyed the lot in question, together with other lands, to one Conway, from whom, by mesne conveyance, defendants acquired whatever title they have to the lot. It thus appears that plaintiffs' claim of title to the lot is by virtue of the deed from the Garvanza Land Company, whose only interest in the lot was by virtue of the Glassell contract, while defendants claim under a subsequent deed made by Ralph Rogers after he had acquired title to the property by a deed executed pursuant to the Glassell contract.

The record contains evidence which tends to prove that Ralph Rogers organized the Garvanza Land Company as an agency by means whereof to more conveniently conduct the real estate business in which he was then engaged, and make sales of lands and interest owned by him; that he owned practically all of the stock and was president of the corporation; that the other directors and officers, except W. E. Rogers, who for a short period held a comparatively small amount of stock which Ralph subsequently acquired, were mere dummies; that all the persons, including the corporation, in whom the title to the property was at any time vested, held the same without consideration and as trustee for Ralph Rogers; that defendant Julia Nolan Rogers at the time she claims to have acquired the lot by purchase for a valuable consideration had actual notice of the conveyance of the lot to plaintiff Carol Crouse-Prouty, and of the fact that she claimed ownership under the deed from the corporation. Moreover, under the facts presented, the court might be justified in holding the record of plaintiff's deed sufficient to impart constructive notice. (*Rogers* v. *McCartney,* 3 Cal. App. 34, [84 Pac. 215].)

This and other evidence on the part of plaintiff, including a number of affidavits of newly discovered evidence presented at the hearing, tended to establish facts contrary to those found by the court, and, by reason of the granting of the motion, it must be presumed that the court arrived at the conclusion upon the hearing thereof that the evidence upon which it based the findings was insufficient, either with or without

the newly discovered evidence shown by affidavits, to support them. The record fails to disclose any abuse of discretion on the part of the court in granting the motion.

The order appealed from is, therefore, affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 4, 1910.