[S. F. No. 6221. Department One.—January 22, 1915.]

## THOMAS J. LEONARD, Respondent, v. HUGH R. OSBURN, Appellant.

DEED—INCORRECT REFERENCE TO MAP IN DESCRIPTION OF LOT—UNCERTAINTY—LOT PLATTED ON DIFFERENT MAP IN ACCORDANCE WITH DESCRIPTION.—A deed of a lot of land lying in Twin Lake Park in Santa Cruz County, described as "lot 10, block 2, subdivision No. 6, as the same is shown on the map of Twin Lake Park, made by N. E. Beckwith, surveyor, and filed May 29th, 1890, in the office of the recorder of Santa Cruz County," is not so vague or uncertain as to be void for uncertainty, although the map specifically referred to contains no plat of subdiviison No. 6, if there is of record when the deed was made, another and only map of such subdivision, made by a different surveyor, which as platted shows a lot designated as "lot 10, block 2."

ID.—IMMATERIAL ERRORS IN DESCRIPTION.—A deed is not void for uncertainty because of errors or inconsistency in some of the particulars of the description. Generally speaking, a deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed.

ID.—RECORD OF DEED—NOTICE TO SUBSEQUENT PURCHASERS.—The record of such deed, although it contained an inaccurate description of the

property conveyed, was sufficient to put subsequent purchasers upon inquiry, so as to charge them with notice of what that inquiry if duly prosecuted would have disclosed, to wit, that the deed conveyed the lot as platted on the map of such subdivision No. 6.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Hugh R. Osburn, *in pro. per.*, for Appellant.

Charles M. Cassin, and Charles B. Younger, for Respondent.

BY THE COURT, (SHAW, J.)—The court is satisfied with the discussion of the case in the opinion of the district court of appeal of the first district, and for the reasons stated in that opinion, it is ordered that the judgment be reversed. We cite the additional case of *Hall* v. *Bartlett*, 158 Cal. 641, [112 Pac. 176], which is very closely in point.

The following is the opinion of the District Court of Appeal of the first appellate district, above referred to and approved, rendered on September 24, 1914.

KERRIGAN, J.—This is an action to quiet title. Plaintiff recovered judgment as prayed for, from which defendant appeals.

The common source of title was in F. S. Lawrence and E. W. Darling. Plaintiff claims by *mesne* conveyances through a deed dated December 16, 1892, from the common grantors to Mrs. Linda M. Adams. This deed was filed for record in the office of the county recorder of Santa Cruz County on May 23, 1893. By its terms it conveyed a lot of land lying in Twin Lake Park, in Santa Cruz County, described as lot 10 . . . block 2, subdivision No. 6, as the same is shown on the map of Twin Lake Park made by E. D. Perry, surveyor, filed August 22, 1891, in the office of the recorder of Santa Cruz County.

Defendant's claim is based on *mesne* conveyances through a deed dated August 4, 1892, from the common grantors to Mrs. Celia Higgins. The deed was filed for record August 27, 1892 —some four months prior to the date of the deed to Linda M. Adams, under which plaintiff claims—and, according to its

terms, conveyed a lot lying in Twin Lake Park in Santa Cruz County, described as lot 10, block 2 . . . subdivision No. 6, as the same is shown on the map of Twin Lake Park made by N. E. Beckwith, surveyor, and filed May 29, 1890, in the office of the recorder of Santa Cruz County.

It thus appears that the deed through which defendant claims was executed and recorded prior to the one under which the plaintiff claims; and it also appears from the evidence that the reference to the map in the earlier deed was erroneous, the map intended to be referred to being the one made by Perry and correctly described in the deed to plaintiff's predecessor. The questions for decisions are 1 Is the description in the earlier deed so vague or inaccurate as to be void for uncertainty? and 2 Is such description, in a deed duly recorded, sufficient to charge subsequent purchasers with notice that lot 10 of block 2 in subdivision 6, according to a map made by E. D. Perry, had been conveyed?

N. K. Beckwith did make a plat of land lying in Twin Lake Park, but it was not of subdivision No. 6, but of subdivision No. 1. The only map made of subdivision 6 is the one made by E. D. Perry. These two subdidvisions were separated by a small lake and were over one thousand feet apart. Apparently the lots in subdivision 1 were disposed of before subdivision 6 was platted, and in selling lots in this last-named subdivision the same printed form of deed was used as for the sale of lots in the former subdivision. This printed form of deed left blank spaces for the names of the parties, the date and description of the lots, the balance, including the description of the map with reference to which the lots were sold, and its date of filing, etc., being printed. The evidence shows that a number of mistakes were made in selling lots in subdivision 6; and it is the theory of the defendant that when the common grantors conveyed the lot in controversy to his predecessor the old printed form of deed was employed, without making any change in the name of the surveyor and the date of filing the plat. It was admitted that each party to this suit was a purchaser for value, and that their predecessors were purchasers of whatever they acquired, for value and without actual notice. It was also admitted that the only notice that the plaintiff or his predecessors had as to the condition of the title to the property was such con-

structive notice as was disclosed by the records in Santa Cruz County.

It appears that there was no lot 10 in block 2 on the Beckwith map, nor any subdivision 6; that that block was not divided into lots, but was reserved as a site for a church, which church was already built in the year 1890. It was also shown by competent testimony that the lot described in the deed through which defendant derives title can from the description therein be easily located, notwithstanding the false reference to the map. The deed, therefore, it is plain, cannot be regarded as void for uncertainty. A deed is not void for uncertainty because of errors or inconsistency in some of the particulars of the description. Generally speaking, a deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed. It is not essential to the validity of a deed, says Devlin in his work an Real Estate, section 1012, that the description should be by boundaries, courses, or distances, or by reference to monuments. If the description is general, the particular subject-matter to which the description applies may be ascertained by parol evidence. Nor will the deed be void for uncertainty from the fact that the description in part is false or incorrect, if there are sufficient particulars given to enable the premises intended to be conveyed to be identified. (Devlin on Real Estate, 3d ed., sec. 1016.)

The deed not being void for uncertainty, we come now to the second question arising—and which we think is the principal one for decision—viz., Is the record of such a deed, containing though it does an inaccurate description of the property conveyed, sufficient to put subsequent purchasers upon inquiry so as to charge them with notice of what that inquiry if duly prosecuted would have disclosed?

In the work by Devlin already referred to, the author at section 629a says: "It is the duty of the purchaser to examine the records, and whether he performs this duty or not notice will be imputed to him of every fact which an examination of the records would disclose." And in section 650 the author says: "In many cases the description is so inaccurate or misleading that the courts have no hesitation in declaring it insufficient to charge purchasers with constructive notice. In others, while the description is erroneous, yet it may be expressed in such a manner, or may be connected with such at-

tendant circumstances, that a purchaser is deemed to be put upon inquiry; and if he fails to prosecute this inquiry he is chargeable with all the notice he might have obtained had he done so.''

In the case of *Rogers* v. *McCartney,* 3 Cal. App. 34, [84 Pac. 215], this same question of whether the record of a deed containing an incorrect reference to a map was sufficient to charge with notice a subsequent purchaser, was considered. There the description of the lot conveyed was ''Lot No. 5, in block 42, at Garvanza, according to a map recorded in book No. 9, pages 45 and 46, Miscellaneous Records.'' This map did not contain any block numbered 42. There was, however, recorded in book 15, page 54 of such records, a map containing a block and lot described as ''Lot 5, block 42, Ralph Rogers' subdivision of blocks 41 and 42 of the Garvanza Addition No. 1.'' Block 42 adjoined the town of Garvanza, and was generally known and treated as a part thereof. The court held that the record containing the erroneous description was sufficient to give constructive notice to an innocent purchaser for a valuable consideration.

We think in the present case that, had the plaintiff's predecessor before purchasing the lot examined the record of the deed of defendant's predecessor, including the map therein referred to, she would undoubtedly have been put upon inquiry, and could not have failed to discover the true facts. She would have discovered that there was no subdivision 6 delineated upon said map, and that in the only subdivision platted thereon, viz., subdivision 1, there was no lot 10 in block 2. Inquiry upon the ground would have quickly brought to light that the lot described in said record was no other than the one she was negotiating to purchase.

For the foregoing reasons the judgment is reversed.

Lennon, P. J., and Richards, J., concurred.