[Civ. No. 2208.    Second Appellate District.—March 17, 1917.]

## CAROL CROUSE–PROUTY, Respondent, v. JULIA A. N. ROGERS et al., Appellants.

QUIETING TITLE—PURCHASE OF PROPERTY—NOTICE OF TRUST—TITLE ACQUIRED.—Where in an action to quiet title it is shown that the defendant when she received her deed to the property had notice that her grantor, if he had any title whatever to the property, had nothing more than the bare legal title, which was necessarily a title held in trust for plaintiff, who then owned the entire beneficial interest, the defendant, if the title vested in her at all, received it upon the same trust and subject to the same unconditional obligation to convey to the plaintiff.

ID.—DECREE QUIETING TITLE—ORDERING OF CONVEYANCE.—Where in such an action it is determined that the legal title to the property is vested in the defendant subject to an unconditional obligation to convey to the plaintiff, it is not prejudicial error to decree a quieting of the plaintiff's title without ordering the execution of a conveyance.

ID.—PURCHASE OF LOT FROM CORPORATION — REPRESENTATIONS OF OFFICER AS TO TITLE—ESTOPPEL.—Where a lot was purchased from a corporation, and its president and secretary represented to the purchaser that the deed to be delivered to her by the corporation would convey to her a good and perfect title to the lot, and she believed those representations and relied upon them without making inquiry, making payments partly in cash and partly by note secured by mortgage on the lot, the corporation is estopped from denying her ownership, notwithstanding such officer acted in good faith, and made no misrepresentations as to the title, and the purchaser had constructive notice of the condition thereof.

ID.—STATUTE OF LIMITATIONS.—An action to quiet title is not barred by the provisions of section 318 of the Code of Civil Procedure, which provides a five-year limitation for the recovery of real property, where the plaintiff was seised of the property at all times down to the time when the action was begun and defendant held the legal title in trust for plaintiff, and there had not been any repudiation of the trust.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Haas & Dunnigan, for Appellants.

Carter, Kirby & Henderson, and Schweitzer & Hutton, for Respondent.

CONREY, P. J.—This is an appeal by the defendants from a judgment quieting plaintiff's title to the lot described in the complaint, and from an order denying the motion of defendants for a new trial. There was a former trial of the action and a decision by this court affirming an order granting a new trial. In that decision there is a statement of facts, and we will repeat here that portion thereof which is identical with the facts proved at the second trial (13 Cal. App. 561, [110 Pac. 142]) :

"On December 26, 1885, Andrew Glassell, who was the common source of title, entered into a contract with Ralph and W. E. Rogers, whereby he agreed to sell and convey to them a large tract of land, which included the lot in controversy. On March 24, 1886, Ralph and W. E. Rogers transferred this agreement for purchase to a corporation known as the Garvanza Land Company, which, under the terms of the agreement, caused a portion of the land to be subdivided into lots and blocks and designated it as 'Garvanza Addition No. 1,' map of which was duly recorded. On June 19, 1886, the corporation, for a valuable consideration, executed a deed, which was duly recorded, to plaintiff Carol Crouse-Prouty, whereby it conveyed to her the lot in question. After the execution of this deed by the corporation, and on December 15, 1886, the corporation transferred the Glassell contract to W. F. McClure, who, on the day following, assigned it to Ralph Rogers. On July 12, 1888, Glassell executed a grant deed to Ralph Rogers of the lands described in the said contract, excepting therefrom certain tracts, which excepted lands did not, however, include the lot involved in this action. W. E. Rogers joined Glassell in the execution of this conveyance. This deed recited payment of the consideration mentioned in the contract, and that 'this deed is delivered and accepted in satisfaction of the existing obligations of the party of the first part (Glassell), by reason of said contract of December 26, 1885.' On January 2, 1892, Ralph Rogers conveyed the lot in question, together with other lands, to one Conway, from whom, by mesne conveyance, defendants acquired what-

ever title they have to the lot. It thus appears that plaintiff's claim of title to the lot, is by virtue of the deed from the Garvanza Land Company, whose only interest in the lot was by virtue of the Glassell contract, while defendants claim under a subsequent deed made by Ralph Rogers after he had acquired title to the property by a deed executed pursuant to the Glassell contract. The record contains evidence which tends to prove . . . that Julia Nolan Rogers at the time she claims to have acquired the lot by purchase for a valuable consideration had actual notice of the conveyance of the lot to plaintiff Carol Crouse-Prouty, and of the fact that she claimed ownership under the deed from the corporation. Moreover, under the facts presented, the court might be justified in holding the record of plaintiff's deed sufficient to impart constructive notice. (*Rogers* v. *McCartney,* 3 Cal. App. 34, [84 Pac. 215].) ''

It will be noted that in its former decision this court assumed that the deed of Garvanza Land Company to the plaintiff contained a sufficient description to identify the land described in the complaint, and that the record thereof was sufficient to impart constructive notice. Nevertheless, the defendants continue to insist that the description in that deed was not sufficient for the purpose of passing title. That description, so far as the name of the tract was concerned, did not name the tract as ''Garvanza Addition No. 1,'' but located the tract ''at Garvanza.'' Also the deed referred to a map made by W. F. McClure in April and May, 1886, as a map recorded in Miscellaneous Records, book 9, at pages 85, 86, and 87. There was no such map recorded at those pages. The evidence shows that there was a map of ''Garvanza Addition No. 1'' recorded in said book 9, at pages 45 and 46. The evidence shows that the map recorded at pages 45 and 46 is the only map of record in Los Angeles County of the property situated in the territory or district known as Garvanza, on which there is shown a block ''P,'' or which bears the inscription or indorsement, ''Survey, April and May, 1886, W. F. McClure, C. E.''; that there is only one lot 6 in said block ''P,'' and there is no other lot 6 in block ''P'' in said territory commonly known as Garvanza; also, that Garvanza Land Company never sold or subdivided any lots in any block ''P,'' except block ''P'' of Garvanza Addition No. 1; that there was not at the time of the sale and conveyance of lots

6 and 7 to the plaintiff, or since that time, any tract or sub-division at or in Garvanza, or in the vicinity thereof, that contained a block "P," except Garvanza Addition No. 1. On these facts we hold that the description in the deed was sufficient. See, also, *Leonard* v. *Osburn,* 169 Cal. 157, [146 Pac. 530], which approves the decision in *Rogers* v. *McCartney,* 3 Cal. App. 34, [84 Pac. 215].

Plaintiff's deed when recorded gave constructive notice that Garvanza Land Company had granted the lot in question to her, and there was then on record a contract which gave notice that Garvanza Land Company had acquired the right to obtain the legal title upon payment of the consideration agreed to be paid to Glassell. The deed from Glassell to Ralph Rogers, which also was of record prior to any conveyance of lot 6 by Ralph Rogers, showed that the consideration for all of the described lands, including the lot in question, had been paid to Glassell. Defendant Rogers before receiving her deed, also had actual notice that the plaintiff claimed ownership under her deed from Garvanza Land Company. Defendant Rogers therefore had notice that her grantor, successor by mesne conveyance from Ralph Rogers, if he had any title whatever to this lot, had nothing more than the bare legal title, which necessarily would be a title held in trust for the plaintiff who then owned the entire beneficial interest. Therefore, the defendant Rogers, if the title vested in her at all, received it upon the same trust and subject to the same unconditional obligation to convey to the plaintiff. This conclusion is strengthened, if it needs any further support, by the fact, which the court found upon sufficient evidence, that the grantee to whom Ralph Rogers conveyed this lot, and the succeeding grantees to and including Julia N. Rogers, paid no consideration whatever for their said conveyances.

If under the facts above stated it should be determined that the legal title to the lot is now vested in the defendant, subject to an unconditional obligation to convey to the plaintiff, there would be no prejudicial error in the court's decree which quieted title in the plaintiff as owner of the lot and did not order the execution of any deed of conveyance. In any event, the result of the decree would be to establish ownership in the plaintiff and put an end to the claims of the defendant. (*Jones* v. *Jones,* 140 Cal. 587, [74 Pac. 143].)

But the plaintiff further claims title by estoppel. During the transactions whereby the plaintiff purchased the lot from Garvanza Land Company and paid for the same and received her deed, it was represented to her by Ralph Rogers, the president of the company, and by its secretary, that the deed to be delivered to her by Garvanza Land Company would convey to her a good and perfect title to the lot. She believed those representations and relied upon them in all of those transactions, without making any other investigations or inquiry as to the title. At the time of receiving her deed, plaintiff paid the consideration partly in cash, and gave to the corporation her note for the remainder, secured by mortgage on the two lots conveyed. On June 8, 1887, she paid this note, and the mortgage was satisfied on the record by the company by Ralph Rogers, as president. Upon those facts Garvanza Land Company would have been estopped to deny plaintiff's ownership of the lot. And as Ralph Rogers received an assignment of the company's contract, and thereafter from Glassell a conveyance of the land covered by the contract, he was charged with full notice of all of the facts upon which the plaintiff relied as against that company, and the same estoppel was binding upon him. Upon the facts, which we have stated, it seems clear that the plaintiff's rights are unaffected by the subsequent conveyances of the series which ended with the deed to defendant Rogers. Appellants claim that the doctrine of estoppel cannot be applied to the case, because it appears that Ralph Rogers and Garvanza Land Company, in their transactions with the plaintiff, acted in entire good faith and made no misrepresentations as to the title to the property conveyed to the plaintiff; that when the deed was made to plaintiff she had constructive record notice of the condition of the Garvanza Land Company's title; and that she had the same means of investigating the title that was possessed by her grantor and by Ralph Rogers. This contention should not be sustained. (*Karns* v. *Olney*, 80 Cal. 90, [13 Am. St. Rep. 101, 22 Pac. 57] ; *Reis* v. *Lawrence*, 63 Cal. 129, [49 Am. Rep. 83] ; *Ions* v. *Harbison*, 112 Cal. 260, [44 Pac. 572].)

Defendants pleaded that the action is barred by the provisions of section 318 of the Code of Civil Procedure and by subdivision 2 and by subdivision 4 of section 338 and by section 343 of that code. The two latter sections are contained in the chapter concerning the time of commencing actions

other than for the recovery of real property, and do not apply
to this case. In *Murphy* v. *Crowley,* 140 Cal. 141, 146,
[73 Pac. 820], the earlier decisions were reviewed, and the
court said: "It seems to be established, therefore, by these
cases that, although the main ground of the action is fraud or
mistake, whereby the defendant has obtained the legal title to
the land in controversy, and the chief contention between the
parties is with respect to the fraud or mistake alleged, yet, if
the plaintiff alleges facts which show, as matter of law, that he
is entitled to possession of the property, and a part of the re-
lief asked is, that he be let into possession, or that his title to
the land be quieted, the action is in reality for the recovery of
real property, and is not barred except by the five-year limita-
tion contained in section 318." Here the plaintiff by her
complaint alleged ownership of the lot and seeks to quiet her
title, and for all appropriate relief in equity. The contro-
versy exists by reason of the adverse claim of the defendants
based upon a chain of title which begins with a mistake made
by Ralph Rogers in executing a deed purporting to convey
land which he did not have a right to convey to any one other
than the plaintiff. Section 318 is the only one of the code
sections constituting the statute of limitations, which can be
applied to a case of this kind. That section reads as follows:
"No action for the recovery of real property, or for the re-
covery of the possession thereof, can be maintained, unless it
appear that the plaintiff, his ancestor, predecessor, or gran-
tor, was seised or possessed of the property in question, within
five years before the commencement of the action." If by
reason of defendants' estoppel to set up the claim which they
assert in this action, title vested in the plaintiff (as we hold
that it did), then the plaintiff was seised of the property
within the meaning of section 318, at all times down to the
time when this action was begun, and if the defendant Rogers
is to be treated as holding the title in trust for the plaintiff,
the rights of the plaintiff are not barred by any statute of
limitations. There had not been, prior to the beginning of
the prescribed period, or at all, any repudiation of the trust
sufficient to set the statute in motion. Actual possession of
the lot had not been taken by the defendants, nor by any per-
son under whom they claim, and the plaintiff had not been
notified of any adverse claim against her. (*Luco* v. *De Toro,*
91 Cal. 405, {18 Pac. 866, 27 Pac. 1082].)

Finally, it should be noted that the transcript begins with an amended complaint filed October 21, 1912, and the record before us does not show when the action was commenced.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.