[Civ. No. 17331. Second Dist., Div. Three. July 25, 1950.]

RUTH E. ABBOTT, Respondent, v. JOHN E. MILLER, Appellant.

Jerrell Babb for Appellant.

C. Verne Ivey for Respondent.

SHINN, P. J.—In this action to quiet title and to remove a cloud from the title to Lot 40, Tract 12068, in the county

of Los Angeles, judgment was for plaintiff and defendant appeals.

The complaint contained a conventional cause of action to quiet title. The second cause of action alleged that plaintiff was formerly married to defendant and divorced from him; prior to the divorce they were purchasing the real property on contract; defendant conveyed to plaintiff all his right, title and interest in and to the property, which conveyance was duly recorded; in the interval between the interlocutory and the final decrees, defendant brought suit to determine the interests of the parties in the property, which action was tried and resulted in a judgment in favor of plaintiff herein; subsequent to the conveyance to her of defendant's interest in the property, plaintiff has paid the balance of the purchase price in full; on June 25, 1946, the seller, Ed Krist Company, through inadvertence and mistake and contrary to plaintiff's instruction, executed a deed to the property naming plaintiff and defendant as grantees; the deed was duly recorded and constitutes a cloud upon plaintiff's title. Defendant answered, claiming to be the owner of a half interest in the property. The action was tried, evidence was introduced by the parties, and the court found the facts to be as alleged in the complaint. Defendant represented himself at the trial. He appealed on the judgment roll and has caused to be included in the record a copy of the judgment in the former action and a copy of the deed from Ed Krist Company to himself and plaintiff. He has employed an attorney on the appeal.

In his brief defendant contends that the complaint failed to state a cause of action. This contention is without merit. Aside from the fact that the first count of the complaint stated a cause of action to quiet title, the facts alleged in the second cause of action, if proved, were sufficient to entitle plaintiff to the relief that was awarded by the judgment. Plaintiff acquired defendant's interest in the contract of purchase, paid all the consideration for the property, and the grantor, instead of deeding to plaintiff alone, named both parties as grantees. Defendant's apparent interest was subject to a resulting trust in favor of plaintiff. (Civ. Code, § 853; 25 Cal.Jur. 178; Rest., Trusts, § 440.) The mistake of the grantor in drafting the deed furnishes an independent ground for relief. Defendant having gained an apparent interest in the property through the grantor's mistake, held such interest as an involuntary trustee for the benefit of plaintiff. (Civ. Code, § 2224.) The judgment

is supported by the findings that the facts were as alleged in the second cause of action. These findings would have required a conclusion of law that defendant held the legal title to the interest in question in trust, and under a duty to convey it unconditionally to plaintiff. The judgment would have been in better form if it had required defendant to convey his apparent legal title to plaintiff. However, the effect of the present judgment is the same, and since it was conclusively shown that defendant has no interest, except the naked legal title, which he holds without right, he is not injured by the judgment. (*Kittle* v. *Bellegarde,* 86 Cal. 556, 564 [25 P. 55]; *Jones* v. *Jones,* 140 Cal. 587, 591 [74 P. 143]; *Crouse-Prouty* v. *Rogers,* 33 Cal.App. 246, 249 [164 P. 901].)

Inasmuch as the judgment is sustainable under the second cause of action, it is unnecessary to discuss defendant's argument that plaintiff as an equitable owner could not recover under her first cause of action to quiet title. It is immaterial also whether the issues in the present action had been determined in plaintiff's favor in the former action.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 21, 1950.