F. P. BAUGH, INC., a California corporation, Plaintiff,

v.

LITTLE LAKE LUMBER COMPANY, also known as Little Lake Lumber Co., a partnership, et al., Defendants.

No. 37260.

United States District Court
N. D. California, S. D.

July 12, 1960.

Falk, Johnson & Cleland, Ukiah, Cal., for plaintiff.

Robert H. Schnacke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant United States.

OLIVER J. CARTER, District Judge.

The action is one of foreclosure by F. P. Baugh, Inc., which was originally instituted in the Superior Court of the State of California in and for the County of Mendocino. The United States of America was named a party defendant pursuant to 28 U.S.C.A. § 2410, and the action was removed to this Court under authority of § 1444 of Title 28 upon petition by the United States of America.[1]

The cause is before this Court upon a stipulation of facts which reduces the questions of law to two; namely, whether or not a tax lien filed by the United States was sufficient to impart notice against plaintiff, F. P. Baugh, Inc., as a subsequent mortgagee of Little Lake Lumber Company, so as to create a priority in favor of the United States against the plaintiff, and, secondly, whether or not payments made by Little Lake Lumber Company were erroneously credited by the United States to a junior tax lien in that the United States was under a duty to credit such payments to the senior tax lien.

On November 23, 1955, the Director made an assessment against Little Lake Lumber Company, a partnership consisting of C. E. McCulloch, Jr., H. W. Bryan and M. L. Kramer for withholding

---

1. Statement taken from the Memorandum of Points and Authorities for the United States.

and FICA taxes for the third quarter of 1955.[2] The Director, on January 13, 1956, filed a tax lien with the County Recorder of Mendocino County, California, as provided by § 27330 of the Government Code of California.

Plaintiff, F. P. Baugh, Inc., made a loan to Little Lake Lumber Co. on April 25, 1956, secured by a deed of trust and chattel mortgage which were recorded April 30, 1956. Plaintiff contends that the United States failed to file a tax lien against Little Lake Lumber Co. sufficient to perfect said lien in favor of the United States.

Pursuant to § 6321 of the Internal Revenue Code, 1954,[3] the United States is given a lien "upon all property and rights to property, whether real or personal." The scope of this section is limited by § 6323 of the Internal Revenue Code in that, "the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate." [4]

In filing the notice of tax lien, the director used the standard printed form for such notices used by the United States, but plaintiff urges that the form was improperly filled in and was, hence, insufficient to impart notice. The defect urged is that on the line designated "Name of Taxpayer" the name of Little Lake Lumber Co. did not appear. This line contained the following, "Chas. E. McCulloch et al" and immediately below this line which is designated "Residence or Place of Business" appeared the following, "Little Lake Lumber Co. Box 271 Willits, Calif."

■■ The filing of the notice of tax lien is required to perfect the right of the United States against those creditors enumerated in § 6323. The reason Congress requires the Director to file notice of tax liens in a public office is to give persons dealing with delinquent taxpayers an opportunity to ascertain the existence of such liens so as to avoid any harshness resulting from secret liens.[5] The sufficiency of the contents of the notice of tax lien filed to carry out its avowed purpose is a question to be determined by federal law.[6]

The notice in question herein actually contained the name of Little Lake Lumber Co. and except for the designation of the line where the partnership named appeared as one of address no contention could be made that the notice was insufficient. The County Recorder in indexing this notice of tax lien indexed it under the name of Chas. E. McCulloch as well as under the name Little Lake Lumber Co. and therefore a search of the records would have disclosed the lien.

■■ A recorded document not only imparts constructive notice of its own contents but also "such other facts as those concerned with it would have learned from the record, if it had been examined, and inquiries suggested by it, duly prosecuted, would have disclosed."[7] On discovery of the notice of tax lien filed January 13, 1956, any doubt existing in the mind of the searcher as to the scope of the lien should have been resolved by further inquiry. Such inquiry in this case reasonably pursued would have disclosed that the lien filed of record did include C. E. McCulloch, Jr., a general partner in Little Lake Lumber Co., as well as Little Lake Lumber Co. as named taxpayer.

It is therefore concluded that the notice of tax lien filed by the Director was

---

2. Stipulation of facts, paragraph 6.

3. 26 U.S.C.A. § 6321.

4. 26 U.S.C.A. § 6323.

5. Richter's Loan Co. v. United States, 5 Cir., 235 F.2d 753.

6. 26 U.S.C.A. § 6323(b); United States v. Rasmusson, 8 Cir., 253 F.2d 944, 946.

7. Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648, quoted without specific adoption in Richter's Loan Co. v. United States, 5 Cir., 235 F.2d 753; 45 Am.Jur. 490; Leonard v. Osburn, 169 Cal. 157, 146 P. 530.

sufficient to perfect the right of the United States pursuant to § 6323 of the Internal Revenue Code.

 The Director filed a second notice of tax lien January 25, 1957, which is clearly junior to the plaintiff as a secured creditor dating from April, 1956. Plaintiff contends that payments made by Little Lake Lumber Co. during 1957 should have all been credited to the January, 1956 tax lien. The Director had credited seven such payments to the junior lien. The United States concedes that the payments made on September 24, 1957, and October 9, 1957, should have been credited to the senior tax lien filed January 13, 1956.

Little Lake Lumber Company by accompanying letter directed that payments made on September 24, 1957 and October 9, 1957 be credited to the lien filed January 13, 1956. The cases are clear that a debtor may direct to which debt a credit may be entered where more than one debt is due.[8] Therefore the entry by the Director of the two credits of September 24, 1957 and October 9, 1957 amounting to $1,400 must be reallocated to the senior lien of January 13, 1956.

 The two letters directing payment to the senior lien made no indication as to future payments. The direction was made after three other payments had been credited to the junior lien. No course of conduct was established raising an inference as to future payments and, hence, the general rule is applicable that where a debtor fails to direct the payment to a specific debt the creditor may do so.[9] The Director having made an election it is binding.

The Government is awarded judgment in conformity with the relative priorities established by this opinion. Counsel for the Government is directed to prepare and present findings, conclusions and a judgment in accordance herewith.

8. Lehigh & Hudson River Ry. Co. v. Commissioner of Internal Revenue, 2 Cir., 36 F.2d 719; United States v. Kirkpatrick, 9 Wheat. 720, 6 L.Ed. 199; Jones v. United States, 7 How. 681, 12 L.Ed. 870.

9. In re Ciabattari, D.C., 29 F.Supp. 573; Wolf v. Aero Factors Corp., D.C., 126 F.Supp. 872; National Bank of Commonwealth of New York City v. Mechanic's Nat. Bank, 94 U.S. 437, 24 L.Ed. 176; Jones v. United States, 7 How. 681.