Filed 1/12/26  Apolinar v. Apolinar CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| TERESA J. APOLINAR, | B333395 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21CHCV00490) |
| v. | |
| JORGE APOLINAR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Andrew E. Cooper, Judge.  Affirmed.

Chambers Law Firm and Dan E. Chambers for Defendant and Appellant.

Law Offices of Richard T. Miller and Richard T. Miller for Plaintiff and Respondent.

_____

An elderly mother sued her son after he surreptitiously added his name onto title of her properties. A jury found that the son converted rental income. The court tried her equitable claims and found the son was unjustly enriched by making himself a joint tenant without his mother's consent. He was ordered to convey title to her. We conclude that the court properly exercised its equitable power to deem the son an involuntary trustee of property obtained by fraud, accident, mistake, undue influence, violation of a trust, or other wrongful act. (Civ. Code, § 2224.) We affirm the judgment.

## FACTS

Review is of the judgment roll. (Code Civ. Proc., § 670 [judgment roll means pleadings, jury verdict, statement of decision, and judgment].) Absent a trial transcript, there is no testimony to recite, nor is there a settled statement.[1]

### The Complaint

Respondent Teresa J. Apolinar and her husband purchased four properties in Los Angeles and Kern Counties in the 1970's, taking title as joint tenants. When her husband died in 2003, Teresa became sole owner. Appellant Jorge Apolinar, Teresa's son, has collected rent for one of the properties since 2005, but refused to remit it to Teresa or provide an accounting.

Jorge prepared grant deeds for Teresa's properties in 2009. Teresa does not speak, read, or write English. She signed the deeds, mistakenly believing they merely removed her late husband from title. Instead, the deeds granted title to Teresa,

---

[1] During this appeal, appellant sought to augment the record with a settled statement. The superior court was unable to augment the record because no settled statement was in its file and appellant disregarded a notice to provide a conformed copy.

2

Jorge and his sisters, as joint tenants.  After the change in title came to light, Jorge's sisters quitclaimed their interest, but Jorge refused to relinquish title.  Teresa sued Jorge.

## 2023 Trial

A jury trial was held.  In a special verdict, the jury found for Teresa on her conversion claim and awarded her $60,477.52.  It rejected her claims of misrepresentation; financial elder abuse; constructive fraud; and breach of fiduciary duty.  Among the jury's factual findings were that Teresa reasonably relied upon Jorge and his words or conduct proved to be untrue.

Following the jury verdict, the court ordered the parties to brief Teresa's equitable claims to quiet title; cancel instruments; create a constructive trust; and for an accounting. Jorge argued that the court could not grant equitable relief because the jury did not find fraud or elder abuse.

Teresa argued that she did not understand the deeds Jorge prepared.  She trusted him to remove her deceased husband from title, and never intended for Jorge to be on title.  Jorge deposited rents from Teresa's property in his own savings and investment accounts.  He conceded that the funds belong to Teresa, but refused to turn them over or convey title to her.

At a bench trial, the court ruled that Jorge added himself to title "to protect the Plaintiff," but also found "the Plaintiff did not consent to such action."  It "weighed the competing equities to determine what is fair and just under the circumstances," finding Jorge is unjustly enriched by having title to the properties and must transfer title back to Teresa.

The court entered judgment on the verdict and Teresa's equitable claims. Jorge timely appealed.  His designation of the record reads, "I choose to proceed . . . [¶] WITHOUT a record of

3

the oral proceedings (what was said at the hearing or trial) in the superior court.  I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."

## DISCUSSION

Jorge contends that the court abused its discretion by ordering him to transfer title back to Teresa.  Absent a trial transcript, Jorge cannot challenge the sufficiency of the evidence supporting the court's finding that Teresa did not consent to add him to title.  On a judgment roll appeal, we "must presume that the evidence supports the findings and the judgment." (*McMahon v. Merrill* (1952) 112 Cal.App.2d 454, 455.)

Trial courts are in a better position than appellate courts to weigh evidence and evaluate credibility.  (*Guardianship of Saul H.* (2022) 13 Cal.5th 827, 846.)  When the sufficiency of the evidence is not challenged, "we accept the facts set forth in the statement of decision, and determine whether those factual findings support the judgment as a matter of law." (*Rael v. Davis* (2008) 166 Cal.App.4th 1608, 1617.)

Presumably, Teresa testified that she was misled, leading to the court's finding that she did not consent to add Jorge as joint tenant on title.  Jorge complains that the court "did not provide any evidentiary support" for its decision.  If Jorge felt the decision was incomplete or ambiguous, he had to bring the deficiency to the court's attention before entry of judgment. (Code Civ. Proc., § 634.)  By failing to object, he waived his claim that the findings are not sufficiently specific.  (*Shanahan v. Macco Construction Co.* (1964) 224 Cal.App.2d 327, 333.)

4

The judgment "is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448.) Jorge did not affirmatively show error by citing the trial proceedings.

Jorge asserts that the jury verdict on Teresa's legal claims barred the court from finding, in equity, that he was unjustly enriched. He writes, "the trial court had no basis upon which to order Appellant to transfer title of the Properties back to Respondent because Appellant did not engage in any wrongdoing by adding his name to the titles." We are not persuaded.

Contrary to Jorge's claim, the court did not ask the jury for "advisory verdicts" on facts that might apply to equitable issues. When trying a case in equity "it is the duty of the trial court to make its own independent findings and to adopt or reject the findings of the jury as it deems proper." (*A-C Co. v. Security Pacific Nat. Bank* (1985) 173 Cal.App.3d 462, 474.)

As Jorge notes, the jury decided issues of fraud, elder abuse, and breach of fiduciary duty. These are intentional torts. The jury was unconvinced that Jorge intended to harm or defraud Teresa. The trial court agreed that Jorge meant to protect Teresa; however, he failed to disclose his plan to change title when he prepared grant deeds for her in 2009. Though the jury did not find fraud, this did not prevent the court from finding that Teresa signed the deeds by mistake, believing they merely removed her husband from title. She did not intend to become joint tenants with Jorge. She was unaware of the deeds' true content because she does not speak English and trusted her son.

5

By adding himself to title as joint tenant without Teresa's knowledge or consent, Jorge was unjustly enriched: He made himself a gift of four properties belonging to his mother, who would otherwise be entitled to will the property to her heirs as she saw fit. Unjust enrichment is an equitable theory that applies when a person receives a benefit at another's expense. (*Hirsch v. Bank of America* (2003) 107 Cal.App.4th 708, 721–722.)

"A constructive trust is an equitable remedy that compels the transfer of wrongfully held property to its rightful owner." (*Mattel, Inc. v. MGA Entertainment, Inc.* (9th Cir. 2010) 616 F.3d 904, 908–909.) "The wrongful act giving rise to a constructive trust need not amount to fraud or intentional misrepresentation. All that must be shown is that the acquisition of the property was wrongful and that the defendant's keeping of the property would constitute unjust enrichment." (*Goldberg v. Bank of Alex Brown* (*In re Goldberg*) (BAP 9th Cir. 1994) 168 B.R. 382, 384; *Kraus v. Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 373 ["A constructive trust is a remedial device primarily created to prevent unjust enrichment."].)

A constructive trust applies when a person obtains property to which he is not justly entitled through "fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act." (Civ. Code, § 2224.) The person who obtains the property is an involuntary trustee for the benefit of the true owner. (*Id.,* § 2223; *Abbott v. Miller* (1950) 98 Cal.App.2d 595, 596–597 [when an ex-husband's name appeared on title, though his spouse acquired all his interest in the property in a divorce, he has no right to it and must "convey it unconditionally to plaintiff"].)

6

Exercising its equitable powers, the trial court could correct title to comport with Teresa's intentions by compelling Jorge to transfer his interest back to his mother, as sole owner of the four properties before Jorge had her sign the misleading grant deeds. Given the factual finding that Teresa did not consent to add Jorge to title, the court did not abuse its discretion by ordering Jorge to convey his interest to Teresa, the rightful owner.

**DISPOSITION**

The judgment is affirmed.  As the prevailing party, respondent is entitled to recover her costs on appeal from appellant.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



RICHARDSON, J.



SIGGINS, J.*

---

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.